Marlene PACK et al., Plaintiffs,

v.

RICH TERMINAL COMPANY et al., Defendants.

No. C–1–80–220.

United States District Court, S. D. Ohio, W. D.

July 22, 1980.

Anne L. Kilbane, Cleveland, Ohio, for plaintiffs.

Stanley M. Chesley, Cincinnati, Ohio, Ted L. Earl, Thomas M. Taggart, Columbus, Ohio, for defendants.

## DECISION AND ORDER

SPIEGEL, District Judge:

This is a wrongful death action originally filed by decedent's administratrix in the Lawrence County, Ohio, Court of Common Pleas. Plaintiff named ten defendants as joint tortfeasors, including four Ohio corporations and one John Doe corporation, a citizen of West Virginia. Plaintiff is a citizen of West Virginia. The complaint alleges that the injuries to plaintiff's decedent which resulted in his death occurred in Lawrence County, Ohio.

Defendant Southern Terminal Company, a Missouri corporation, filed a petition to remove the action to Federal Court on the basis of diversity pursuant to Title 28 U.S.C. § 1331 and executed a $250 bond in support thereof.

Plaintiff filed a motion for remand to the Lawrence County, Ohio, Court of Common Pleas and a motion for sanctions accompanied by a memorandum of law. Southern Terminal filed a memo contra. This issue is the only one which we need to decide, for if removal was improper then we do not have jurisdiction to rule on other pending motions.

■ The Court has decided that this case must be remanded to the State court as removal was improvident under Title 28 U.S.C. § 1441(b) and Title 28 U.S.C. § 1332. It is further decided that costs be awarded against the removing party, defendant Southern Terminal.

Title 28 U.S.C. § 1441(b) provides that in a civil action which alleges federal jurisdiction only on the basis of diversity, removal is improper if any of the parties in interest properly joined and served as defendants are citizens of the State in which such action is brought. Under Title 28 U.S.C. § 1332(c), four of the defendant corporations in the instant case are citizens of Ohio. That section states:

> For purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state by which it has its principal place of business.

Since plaintiff brought the action in Ohio and has named several citizens of Ohio as defendants, it is apparent from the face of the complaint that removal is improper under Title 28 U.S.C. § 1441(b). Notably in its memo contra, Southern Terminal does not argue that Federal jurisdiction would be proper in this case.

■ Interestingly enough, removal at this time would also be improper on another basis which was not raised by plaintiff in her argument. Plaintiff named a citizen of West Virginia, a John Doe corporation of the same state as plaintiff, as a defendant in this action. Plaintiff stated a proper cause of action against this defendant, alleging that it committed specific acts of negligence as a joint tortfeasor which contributed to plaintiff's decedent's injuries. There is nothing before us to indicate that this defendant is not a real entity. Thus, wholly apart from the impropriety of removal under 28 U.S.C. § 1441(b), removal is improper under Title 28 U.S.C. § 1332 until such time as the plaintiff would dismiss the action against that West Virginia defendant or commence the trial without having served it. See *Holloway v. Pacific Indemnity Co., Inc.*, 422 F.Supp. 1036 (E.D.Mich. 1976).

Plaintiff has asked for sanctions against Southern Terminal on the basis that Southern Terminal violated 28 U.S.C. § 1446(e), F.R.Civ.P. 5, 11, and 41, and this Court's Local Rules by failing to promptly give plaintiff written notice of the removal petition and to file proof of service of such written notice. Southern Terminal states in its memo contra that plaintiff did receive notice but due to an oversight did not receive it until eleven days after the filing of the removal petition. Proof of such service was never filed.

■ "Penalties" for improper removal are governed by Title 28 U.S.C. § 1447(c) which provides in pertinent part:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the

district court shall remand the new case, and may order the payment of just costs. Thus, while under the statute an award of costs against the removing party would appear to be discretionary with the district judge, courts are more inclined to assess costs when the nonremovability of the action is obvious. See *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371 (D.C.Md.1974). Absent extraordinary circumstances or authorization by statute or by a binding contract, attorneys' fees may not be recovered against the removing party. *Baldwin v. Burger Chef Systems, Inc.*, 507 F.2d 841 (6th Cir. 1974). Wright & Miller, 14 Federal Practice and Procedure § 3739.

█ In this case, nonremovability is obvious from the face of the complaint, a point which Southern Terminal does not argue. Plaintiff has expended time and money to put the case back in State court where it belongs and where it would have remained but for Southern Terminal's improper petition. Under these circumstances, the costs of these proceedings are awarded plaintiff against defendant, Southern Terminal. The fact that plaintiff did not receive prompt notice of the removal petition and that proof of service of such notice was never filed does not appear to have prejudiced plaintiff, aside from the delay and expenses already mentioned. Thus, it would not seem that the circumstances before the Court are so extraordinary as to warrant attorney fees and, therefore, plaintiffs' motion for sanctions is denied.

So ordered.