Russell N. SHEWMAKER, Appellant,

v.

Daniel MINCHEW.

No. 80–2370.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 30, 1981.
Decided Oct. 14, 1981.

John I. Heise, Jr., Silver Spring, Md., with whom John P. Rhody, Jr., Silver Spring, Md., was on the brief, for appellant.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and Royce C. Lamberth

and Kenneth M. Raisler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WRIGHT, MacKINNON, and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant Russell N. Shewmaker, former general counsel of the United States International Trade Commission, seeks monetary damages from appellee Daniel Minchew, former member and chairman of the Commission, in his individual capacity. His complaint alleges violations of his constitutional right to due process, his statutory rights under 19 U.S.C. § 1331(a)(2) (Supp. III 1979), and his constitutional and common law rights to privacy. His complaint also alleges the common law torts of defamation, interference with his professional career, interference with his employment relationship, and intentional infliction of emotional harm. These claims stem from appellee's alleged behavior in connection with the discharge of appellant from his position at the Commission.

In a published opinion, 504 F.Supp. 156 (D.D.C.1980), the District Court concluded that the entire action was barred by *res judicata*. It held in the alternative that the complaint should be dismissed for failure to state a claim, with the exception of the defamation claim, which was resolved against appellant by summary judgment.

We do not reach the *res judicata* issue, because we agree with the result reached by the District Court on the merits. We agree generally with the reasons stated by the District Court for summary judgment for appellee on the defamation claim, dismissal of the other common law tort claims, and dismissal of the statutory claim under 19 U.S.C. § 1331(a)(2). *See* 504 F.Supp. at 162–165. We agree with the District Court's conclusion that the constitutional claims based on Fifth Amendment due process should be dismissed because appellant's complaint does not allege violation of either a "liberty" or a "property" interest.

However, we do not adopt the District Court's reasoning that appellant has no private right of action under the Fifth Amendment because an alternative remedy is available through administrative procedures. The District Court relied on *Davis v. Passman*, 442 U.S. 228, 245, 99 S.Ct. 2264, 2276, 60 L.Ed.2d 846 (1979), to reach this conclusion. More recently, in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Supreme Court set forth clearer and less restrictive criteria for a private constitutional right of action even when alternative remedies are available. *See id.* at 18–23, 100 S.Ct. at 1471–1474. Since appellant failed to allege the necessary elements of a "liberty" or "property" interest, however, we do not apply the *Carlson v. Green* standards to the remedies available to appellant.

The decision of the District Court is *Affirmed.*