Lottie G. MARTIN, et al., Appellants,

v.

Helen L. GIBSON, et al.

No. 83–1622.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 18, 1983.

Decided Dec. 23, 1983.

John F. Lillard, III, Washington, D.C., for appellants.

Frank J. Martell, Washington, D.C., for appellees.

Before WALD, EDWARDS, and STARR, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from the district court's dismissal of a personal injury lawsuit founded upon diversity jurisdiction. The suit was brought by appellants, Lottie G. Martin and her husband, James E. Martin, in the United States District Court for the District of Columbia against appellees Helen L. Gibson and Leroy Gibson, seeking recovery for damages arising from an automobile accident in the District of Columbia allegedly occasioned by the Gibsons' negligence. The district court granted appellees' motion to dismiss for lack of subject matter jurisdiction, concluding that, while diversity of citizenship clearly existed, the amount in controversy did not exceed the $10,000 jurisdictional amount requirement set forth in 28 U.S.C. § 1332(a) (1976). Appellants challenge that dismissal in this appeal. We reverse.

I.

Appellants filed their complaint in October 1982, claiming compensatory damages arising from an automobile accident that occurred in Washington, D.C. in September 1981. Record Excerpts (R.E.) at 1. The complaint premised subject matter jurisdiction on diversity of citizenship under section 1332(a) of Title 28. R.E. at 11. The complaint sought damages in the amount of $1,000,000. R.E. at 1.

The complaint alleged that, as a result of the accident, Mrs. Martin suffered permanent physical and mental injuries, incurred medical and other expenses, and sustained lost earnings. R.E. at 1. Specifically, the medical expenses incurred by Mrs. Martin were alleged to be approximately $750.20 with lost wages amounting to $893.44.[1] In answers to interrogatories, Mrs. Martin stated that she suffered injuries to her back, neck, left elbow, and left knee as a result of the accident and that she continues to suffer "severe headaches," back and neck pain, and "functional limitation."

---

1. Although the complaint itself did not enumerate the specific dollar amounts claimed under the various branches of alleged damages, at the hearing on the motion to dismiss, the district court referred to these amounts. R.E. at 8.

R.E. at 4. She further stated in the interrogatory answers that her injuries resulted in diminished marital relations with her husband and that her severe headaches continue to restrict her normal activities. R.E. at 4. Appellant attached to her interrogatory answers physician's reports detailing her injuries.

In light of the apparent disparity between the liquidated money damages and the $10,000 jurisdictional amount, appellees filed a motion to dismiss the complaint for failure to satisfy the requisite jurisdictional amount. In opposition to appellees' motion to dismiss, appellants attached a physician's report dated April 13, 1983, over a year and a half after the accident. The report confirmed that Mrs. Martin was still suffering from pain and headaches resulting from the accident. R.E. at 6.

The district court conducted a hearing on appellees' motion to dismiss on May 27, 1983. R.E. 7–9. The district court expressly considered the amounts of Mrs. Martin's specific damages, but concluded that because Mrs. Martin had been discharged from further care by her attending physician, her injuries showed "no indication of permanence." R.E. at 9. The district court therefore concluded:

> In view of the foregoing and the fact that the amount in controversy in this case could not justify a finding in excess of $10,000, the Defendants' motion to dismiss is granted, without prejudice to refiling in the Superior Court.

R.E. at 9. The district court entered an order granting the motion to dismiss the same day. R.E. at 10.

## II.

Appellants' principal argument in this appeal is that the district court erred in concluding that appellants' claims did not, to a "legal certainty," exceed the jurisdictional minimum of $10,000, inasmuch as Mrs. Martin's claims of medical expenses, loss of earnings, permanent injury, and pain and suffering preclude such a finding.[2] Appellants' Brief at 7–14. Appellees contend, in contrast, that the district court correctly held that the jurisdictional amount was not met since the liquidated damages for medical and other expenses and loss of earnings amounted only to approximately $1,650 and since there was, in appellees' view, no indication of permanent injury. Appellees' Brief at 6–7.

### A.

The test for evaluating whether the amount in controversy exceeds the jurisdictional amount is clearly delineated by Supreme Court precedent. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, the Court explained:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.*

303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (citations omitted) (emphasis added). *See also Mt. Healthy School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 276–77, 97 S.Ct. 568, 570–71, 50 L.Ed.2d 471 (1977) (describing *St. Paul Mercury* as the leading jurisdictional amount case); *Weinberger v. Wiesenfeld,* 420 U.S. 636, 642 n. 10, 95 S.Ct. 1225, 1230 n. 10, 43 L.Ed.2d 514 (1975) (reaffirming the legal certainty test as articulated in *St. Paul Mercury*); *Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1190–91 (D.C.Cir. 1983); *Kahal v. J.W. Wilson & Assoc., Inc.,* 673 F.2d 547, 548 (D.C.Cir.1982). While the "legal certainty" test is an exacting one, the burden of establishing the amount in controversy, to be sure, rests squarely with the litigant asserting jurisdiction. *King v.*

---

**2.** Appellants also argue that they should have been permitted to present oral testimony at the hearing on the motion to dismiss and that appellees improperly moved for dismissal by failing to cite Fed.R.Civ.P. 12(b) and by moving to dismiss after filing the answer. Appellants' Brief at 14–15. These arguments need not be addressed, however, in view of our disposition of the case.

*Morton,* 520 F.2d 1140, 1145 (D.C.Cir.1975) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). *See also Smith v. Washington,* 593 F.2d 1097, 1100 (D.C.Cir. 1978) (when defendant controverts the plaintiff's claim of jurisdictional amount, a factual issue emerges and the burden is on the plaintiff to establish jurisdictional amount); *Gomez v. Wilson,* 477 F.2d 411, 420 (D.C.Cir.1973).

### B.

In holding on this record that the amount in controversy did not exceed $10,000, the district court failed, we are constrained to conclude, to adhere to the foregoing standards. This circuit's precedent strongly suggests that the standard of *St. Paul Mercury* was not satisfied in this case. In *Love v. Budai,* 665 F.2d 1060, 1063–64 (D.C.Cir. 1980), this court held that the district court erred in dismissing on jurisdictional amount grounds a *Bivens* suit against District of Columbia officials for damages arising from an allegedly unconstitutional search. The court reasoned that, although the complaint in that case alleged loss of only one week's wages, the plaintiff's allegations of emotional distress and physical discomfort in the form of recurrent headaches, as well as the potential for exemplary damages, precluded a finding that, to a legal certainty, the jurisdictional amount could not be met. *Id.* While in the personal injury action before us there is no claim for exemplary damages, appellants have nonetheless alleged that they have suffered damages of $1,000,000, including permanent mental and physical injuries, pain and suffering, and loss of consortium. As in *Love,* when these potential unliquidated damages are considered along with the medical expenses and lost earnings of approximately $1,650 incurred to date, it simply cannot be con-

cluded to a legal certainty on this record that appellants will be unable to recover in excess of $10,000.

Appellees rely on *James v. Lusky,* 499 F.2d 488 (D.C.Cir.1974), to support the district court's action. However, that case does not help their argument. In *James,* the plaintiff sought recovery for damages arising from an arrest and conviction for disorderly conduct. *Id.* at 490–91. Unlike the instant case, the plaintiff in *James* suffered no demonstrable personal injuries and no mental distress.[3] Thus, in view of the absence of physical injury, mental distress, or possible exemplary damages, the court determined that the jurisdictional amount had not been met. That set of circumstances is far afield from the situation before us, where claims have expressly been advanced that damages are appropriately awardable by virtue of pain and suffering, loss of consortium, and permanent injury.

Indeed, appellees' argument that Mrs. Martin suffered no permanent damages is belied, at least at this early stage of the proceedings, by the physician's report attached to the opposition to the rule 12(b) motion. In that report, appellant's physician stated in part:

> The patient still has pain in the left scapular region and left side of the neck. Apparently the pain has been present for the past year but has increased recently. She is tender over the medial border of the left scapula. Scapular rotation produces pain but no crepitus. Abduction of the right side is 0 to 180 degrees; at the left side 0 to 120 degrees. She has a painful abduction between 90 and 110 degrees.

Both appellees and the district court, however, appear to have disregarded this report.[4]

3. The plaintiff's sole claim in *James* was that he had been unlawfully arrested and deprived of his constitutional rights by an arresting officer. However, the plaintiff did not even seek medical attention and in deposition testimony stated that he had not suffered any emotional distress by virtue of the incident of which he was complaining. Indeed, this court in *James*

expressly distinguished prior cases in which the respective plaintiffs had sought and obtained medical attention. Further, there was no possibility of exemplary damages. *Id.* at 493.

4. In ruling on the motion to dismiss, the district court focused exclusively upon (1) Mrs. Martin's medical bills and prescriptions; (2) her

■ Thus, on the record before us, appellants have alleged pain and suffering, loss of consortium, and demonstrated the possibility of permanent physical injury. In particular, the possibility of permanent injury, which simply cannot be foreclosed on the bare face of the pleadings and the limited record thus far in this case, demonstrates that the district court erred in its conclusion that appellants' averments failed the stringent legal certainty test of *St. Paul Mercury*.[5]

### III.

We note, finally, the frustration expressed by the district court faced with a plethora of common law-based diversity actions that, in the district judge's view, more appropriately belong in superior court. We are not unmindful of the burdens imposed by diversity cases on the federal courts. The wisdom of maintaining the diversity branch of federal civil jurisdiction is an issue that has engaged the imagination and attention of the bench and the bar, as well as of the Congress, for many years. Indeed, in virtually every recent session of Congress proposals have been advanced to eliminate diversity jurisdiction as a needless anachronism in the present era of burgeoning court dockets. But it is the judiciary's duty to give effect to this continuing jurisdictional mandate and to apply in good faith the standards enunciated by the Supreme Court. Thus, whether or not such suits might more appropriately be brought in superior court, we are duty bound to give effect to clear Supreme Court rulings and to follow the established law of this circuit.

The judgment of the district court dismissing the complaint[6] is therefore reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

lost wages; and (3) her allegation of permanent injury. The district court did not examine or discuss the claims of pain and suffering and loss of consortium. Moreover, the court concluded that Mrs. Martin's discharge by her attending physician and the physician's statement "shows no indication of permanence [of injury] . . . ." R.E. at 9. However, it is undisputed that the physician's report of April 1983 in fact stated that Mrs. Martin was still experiencing pain and that physical injury was clearly evident from then-current x-rays. These critical facts were not discussed by the district court. Any further proceedings in this respect on remand would, of course, necessarily be guided by the strictures of *St. Paul Mercury*.

5. We are not fashioning in effect a *per se* rule that the bare allegation, without more, of such elements of damages as pain and suffering and loss of consortium will satisfy the jurisdictional amount requirement. "The determination of the amount in controversy is closely tied to the facts in each case." *James v. Lusky*, 499 F.2d 488, 493 (D.C.Cir.1974). Indeed, we note, for example, that the Sixth Circuit concluded in *Nenoff v. Thompson*, 480 F.2d 1221 (6th Cir. 1973), that the allegation of a very brief period of loss of consortium failed to satisfy the requisite jurisdictional amount. Rather, we hold simply that under the specific facts presented on this limited record, including a colorable claim of permanent injury supported by a physician's report, the stringent standard of *St. Paul Mercury* has not been met. Whether that standard would be met based on facts not before us is obviously a question we cannot resolve.

6. We note that appellees appear to have challenged only Mrs. Martin's damages in arguing that the jurisdictional amount requirement is not met in this case. They do not argue that Mr. Martin's claim for loss of consortium cannot exceed $10,000. Thus, because appellants have claimed that those damages exceed $10,000, and since it does not appear to a legal certainty that they do not exceed $10,000, Mr. Martin's claims also should be reinstated, in the absence on remand of a showing consistent with the standards of *St. Paul Mercury*. We note in this respect that the district court's comments from the bench setting forth the rationale for the dismissal of this complaint did not specifically address Mr. Martin's claim.