**Adah B. SZTAN, Plaintiff,**

v.

**SEILERS CORPORATION, et al., Defendants.**

**Civ. A. No. 85–0105.**

United States District Court, District of Columbia.

April 19, 1985.

---

**76.** Complexity does not lend itself to brevity without obscurity; how I wish it were otherwise.

Guy R. Pietrovito, Washington, D.C., for plaintiff.

Peter R. Kolker, Lawrence A. Katz, Zuckerman, Spaeder, Moore, Taylor & Kolker, Washington, D.C., for defendants.

## ORDER OF REMAND

BARRINGTON D. PARKER, District Judge.

This matter comes before the Court on the defendants' motion for summary judgment and the plaintiff's opposition thereto. This common law tort action was removed to this Court from the Superior Court on January 15, 1985. The defendants sought removal on the basis of diversity of citizenship and the allegations of the complaint which stated an amount in controversy exceeding $10,000. Although certain disputed facts make summary judgment on all counts of the complaint inappropriate, it appears to a legal certainty that the plaintiff's damages claims cannot meet the jurisdictional amount requirement. Accordingly, the Court determines that federal jurisdiction is lacking, and remands this proceeding to the Superior Court of the District of Columbia, in accordance with the provisions of 28 U.S.C. § 1447(c). *See Knight v. Hellenic Lines, Ltd.*, 543 F.Supp. 915, 916–17 (E.D.N.Y.1982).

The plaintiff's complaint asserts causes of action for assault, false imprisonment, intentional infliction of emotional distress, and demands both compensatory and punitive damages. The plaintiff, Adah Sztan, is a staff dietician at the Washington Hospital Center. Her claims are premised chiefly on two incidents with her supervisors at the hospital, who are named as defendants. Ms. Sztan alleges that when she visited the office of defendant Gail Walsh, Walsh refused to allow her to leave, "leaped from her chair in a hostile and threatening manner, and pushed the door out of plaintiff's hands ... and block[ed] Plaintiff's egress from the room." Complaint at ¶ 15. At her deposition, Ms. Sztan asserted that her liberty was restrained for approximately two minutes, although she later appeared to concede that this restraint lasted for 30 seconds. Dep. at 51–55. She also asserts that another supervisor, defendant Mulligan, followed her into the hospital parking lot when she refused to meet with him to discuss the incident with Ms. Walsh. At her deposition, she conceded that Mr. Mulligan merely walked toward her without making any threatening gestures, apparently because he wanted to talk to her. She also asserts that after these incidents she was treated differently than other employees. *Id.* at 67–72. Ms. Sztan did not

take any time off from work as the result of these incidents, nor did she seek medical or psychiatric treatment. *Id.* at 9–11, 76.

■ These facts, as stated by the plaintiff, do not state a claim for the intentional infliction of emotional distress or punitive damages. It is proper for the Court to examine these claims in order to determine whether the jurisdictional amount is satisfied. *Kahal v. J.W. Wilson & Associates, Inc.,* 673 F.2d 547, 548 (D.C.Cir.1982) (per curiam). A claim for intentional infliction of emotional distress must be based on conduct which is "wanton, outrageous in the extreme, or especially calculated to cause serious mental distress." *Shewmaker v. Minchew,* 504 F.Supp. 156, 163 (D.D.C.1980), *aff'd,* 666 F.2d 616 (D.C.Cir.1981) (per curiam). In the same vein, punitive damages are recoverable only if the defendant "act[s] with such conscious and deliberate disregard of the consequences of his actions to others that his conduct is wanton." *Knippen v. Ford Motor Co.,* 546 F.2d 993, 1002 (D.C.Cir.1976) (citing W. Prosser, Law of Torts, § 2, at 9–10 (1971)). None of the actions of defendants could possibly meet this exacting standard. Thus, counts two and four of the complaint and the claim for punitive damages cannot afford a basis for this Court's jurisdiction.

■ Count one, which alleges false imprisonment, and count three, which alleges assault, provide the only remaining basis for relief. Although the Court concludes that these claims are frivolous at best, it cannot conclude as a matter of law that these claims fail to state a cause of action.

The Court does, however, conclude that these claims were improperly removed from Superior Court because it "appear[s] to a legal certainty that the claim is for less than the jurisdictional amount...." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The Court is aware that this test is a stringent one. *Martin v. Gibson,* 723 F.2d 989, 993 (D.C.Cir.1983). Nevertheless, this test is met because the plaintiff could not as a matter of law be awarded damages in excess of $10,000.

She did not seek medical attention, and there is no possibility of exemplary damages. *Id.* at 992 n. 3 (*citing James v. Lusby,* 499 F.2d 488 (D.C.Cir.1974). Whatever emotional distress she may have suffered cannot inflate her claim to satisfy the jurisdictional amount. Accordingly, it is this 19th day of April, 1985,

### ORDERED

That this case is **remanded** to the Superior Court of the District of Columbia. The Clerk of this Court shall deliver a certified copy of this Order to the Clerk of the Superior Court and take all other appropriate steps. Each party shall bear its own costs because nonremovability was not obvious from the face of the complaint. *Pack v. Rich Terminal Co.,* 502 F.Supp. 58, 60 (S.D.Ohio 1980). The defendants may reclaim the surety bond filed in support of their petition for removal. 28 U.S.C. § 1446(d).