**Kimberly D. HARVEY, Plaintiff,**

v.

**STRAYER COLLEGE, INC., Defendant.**

**Civil Action No. 95–01716.**

United States District Court, District of Columbia.

Jan. 17, 1996.

Karen Grane, Arlington, VA, for Plaintiff.

Peter Stackhouse, Arlington, VA, Mary Katherine Qualiana, Sadhna Govindarajulu, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

ATTRIDGE, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to proceed before a magistrate judge and for the entry of final judgment. Currently pending before the Court are the defendants Strayer College, Inc. (Strayer) and Ronald Bailey's (Bailey) motion for partial summary judgment on the plaintiff's (Harvey) claims for intentional infliction of emotional distress; and negligent infliction of emotional distress.[1]

---

1. The plaintiff abandoned her claim for negligent infliction of emotional distress against Ronald Bailey (Opp'n to Def.'s. Motion for Partial Summary Judgment at 9.) Therefore, Bailey's motion for summary judgment on the negligent infliction of emotional distress will be granted.

In support of their motion, the defendants allege that the emotional distress claim against Strayer College is barred by the exclusive remedy provisions of the D.C. Workers' Compensation Act because an employer-employee relationship existed between the plaintiff and Strayer; that the allegations of misconduct by Bailey, Strayer's president, are insufficient as a matter of law to support a claim for intentional infliction of emotional distress; and, that the plaintiff has failed to state a claim for negligent infliction of emotional distress against Strayer. In opposition to the motions the plaintiff argues that her "emotional injuries were not a result of the actual working conditions," because it was not until after her termination that Harvey "started to suffer her injuries;" therefore, the remedies of the workers' compensation statute are not available.

Regarding her claim for intentional infliction of emotional distress, Harvey argues that the actions of Bailey, when considered in context, in terminating her employment were sufficiently "outrageous" so as to support a claim for intentional infliction of emotional distress.

Lastly, regarding the negligent infliction of emotional distress claim, the plaintiff elected not to pursue this claim against Bailey and offered no argument in opposition to Strayer's motion for summary judgment on this theory.

### Findings of Fact

In April 1990, Harvey began her employment with Strayer College at its Takoma Park branch. In July 1992, she was unexpectedly hospitalized because of complications associated with her pregnancy. As a consequence, she missed one month of work.

In July 1994, Harvey notified her supervisors that she was again expecting. Bailey expressed his concern that she would be unable to perform her job. "I remember what happened last time (referring to her early hospitalization during her 1992 pregnancy); I need to know if you're going to be able to handle the stress of the fall quarter registration; if not, I need to get you out of here and get someone else in." (Harvey deposition at 121).

In September 1994, John Bratton, Strayer's Takoma Park branch admissions department manager and Harvey's immediate supervisor gave Harvey a negative rating in her periodic performance evaluation. On September 14, Harvey provided a written rebuttal to what she believed to be an inaccurate and unfair evaluation.

Two weeks later, on September 29, Harvey was summoned to a meeting with Bailey and Bratton at which she was given a written notice of termination. About ten minutes after the conclusion of the meeting, Harvey returned to inquire of Bailey why she was terminated. Bratton laughed and said Bailey was not available since he had already departed the premises.

### Discussion

Harvey contends that the unsatisfactory performance evaluation was pretextual and that the real reason for her termination was her pregnancy, and therefore she was discriminated against because of her gender. She also seeks damages for intentional and negligent infliction of emotional distress. In support of the emotional distress theories, Harvey contends that her summary termination caused her extreme anxiety and emotional distress, which in turn led to premature contractions. As a consequence, Harvey asserts that she was confined to complete bed rest and placed on medications during the remainder of her pregnancy. She contends that Strayer and Bailey knew or should have foreseen these consequences and that they knew or should have known that her pregnancy was "high risk" because of the difficulties she had with her first pregnancy and that their failure to accommodate her condition was deliberate and intentional, or at best, negligent and caused her emotional distress.

### The Workers' Compensation Act

The defendants' claim that the plaintiff's emotional distress claims are barred by the exclusive provision of the D.C. Workers' Compensation Act, D.C.Code Ann. § 36-304(a), (b) (1993). The District of Columbia

Court of Appeals has recently held to the contrary.

In *Underwood v. National Credit Union Administration*, 665 A.2d 621 (D.C.App.1995) the Court concluded:

> We believe it is clear that, when emotional distress allegedly attributable to sexual harassment (in contrast with some other cause) results in disabling injuries in fact, the language of the WCA itself easily demonstrates that these are not statutory "injuries," and thus are not compensable disabilities, under the WCA. Accordingly, as elaborated below, the statutory language does not present a "substantial question" whether disabling injuries from emotional distress caused by sexual harassment are covered by the WCA; such injuries "clearly are not compensable under the statute." (citation omitted.)

*Underwood*, 665 A.2d at 621.

 Since the plaintiff's claim, in essence, seeks damages because of her gender, the defendants' motion for summary judgment on the grounds that the plaintiff's claims for emotional distress are barred by the D.C. Worker's Compensation Act, will be denied.

### Intentional Infliction of Emotional Distress

 In the District of Columbia, the tort of intentional infliction of emotional distress consists of three elements. First, the performance of an action or actions constituting extreme or outrageous conduct on the part of a defendant; secondly, undertaken intentionally or with reckless disregard of the consequences and, third, causing severe emotional distress to the plaintiff. *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33 (D.C.App.1982), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982). Since intent can seldom be proved directly, the courts permit intent to be inferred when the defendant's acts are "especially calculated to cause serious emotional distress." *Shewmaker v. Minchew*, 504 F.Supp. 156, 163 (D.D.C.1980), aff'd 666 F.2d 616 (D.C.Cir. 1981) or when such intent can be inferred "from the very outrageousness of the defen-

dant's act." *Waldon v. Covington*, 415 A.2d 1070, 1077 (D.C.App.1980) (citation omitted).

 However, "(t)he law does not, and doubtlessly should not, impose a general duty of care to avoid causing mental distress. For the sake of reasonable freedom of action, in our own interest and that of society, we need the privilege of being careless whether we inflict mental distress on our neighbors." *Clark v. Associated Retail Credit Men*, 70 App.D.C. 183, 185, 105 F.2d 62, 64 (1939). Thus, the requisite intent will not be inferred from "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Waldon*, 415 A.2d. at 1076.

The plaintiff argues that Bailey's July 1994 comments to her during which he is alleged to have said, "I need to know if you're going to be able to handle the stress of the fall quarter registration; if not, I need to get you out of here and get someone else in," well knowing that she was pregnant at the time and that her pregnancy two years earlier had resulted in the premature birth of her baby and her unexpected hospitalization because of complications associated with the birth of that child, were outrageous and recklessly made so as to cause her emotional stress. However, in her opposition to the defendant's motion, Harvey concedes that, at the time, she did not consider these remarks outrageous and intentionally or recklessly uttered so as to cause her emotional distress for "(u)p until the date of her termination, the on-going job conditions at Strayer ... were fine." Moreover, her "emotional injuries were not a result of the actual working conditions of Strayer." For "[i]t was not until *after* Strayer's unlawful termination of its employment relationship with Harvey that she started to suffer the injuries." Opp'n at 8.

 Therefore, accepting as we must, the plaintiff's allegations of what Bailey is alleged to have said in July 1994 as true, it appears that at worst Bailey's comments were insensitive but by no means can it be said that the remarks were " 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Bernstein v. Fernandez*, 649 A.2d 1064, 1075 (D.C.App.1991) (quoting

Restatement (Second) of Torts § 46 cont'd. (1965)). Nor can it be said that they proximately caused her any emotional distress for, she concedes, during her employment she sustained no emotional injuries and that it was not until after her termination that she first experienced any difficulties. Opp'n at 8.

█ Next, Harvey contends that the termination itself, and the manner in which it was carried out, were so outrageous and reckless so as to rise to the level of intentionally inflicting emotional distress.

The Court concludes otherwise. The defendants' words and actions no doubt were distressful but as a matter of law they cannot be found to have risen to the level of outrageousness and recklessness. While they no doubt did cause mental distress "(t)he law does not, and doubtlessly should not, impose a general duty to avoid causing mental distress." *Clark,* 70 App.D.C. at 185, 105 F.2d at 64.

Accordingly, the defendants' motion for summary judgment on the intentional infliction of emotional distress count will be granted.

### Negligent Infliction of Emotional Distress

In *Washington v. John T. Rhines Company,* 646 A.2d 345 (D.C.App.1994) the District of Columbia Court of Appeals in summarizing the law in this jurisdiction concerning claims for negligent infliction of emotional distress observed that:

Courts in the District of Columbia historically have cast a wary eye on emotional distress claims. Indeed, until 1990, the solidly established case law was that a person could recover damages for negligent infliction of emotional distress only if that person also sustained a physical injury at the same time. Moreover, under the old standard, plaintiffs were also required to demonstrate that the emotional distress flowed directly from the physical injury.

The *Washington* Court went on to say:

Recognizing that a plaintiff may sometimes suffer serious emotional injury even without any accompanying physical impact, the court in Williams v. Baker slightly relaxed the rule that had prevailed since 1990.

Sitting en banc, the court adopted the so-called "zone of danger" test followed in a number of other jurisdictions. We held in Williams:

[I]f the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety, the plaintiff may recover for negligent infliction of serious emotional distress and any resultant physical injury, regardless of whether plaintiff experienced a physical impact as a direct result of defendant's negligence.

*Id.* at 346.

█ Therefore, a plaintiff may not recover damages for emotional distress in the absence of a physical injury, unless the plaintiff was put in fear for his or her physical safety due to the negligence of the defendant.

█ Consequently, a necessary element of this cause of action is that the plaintiff must be within a zone of physical danger when she suffered the alleged emotional injury. *Washington v. Rhines,* at 347, *Williams v. Baker,* 572 A.2d 1062, 1072 (D.C.App.1990).

█ Since there is no factual allegation in this case that the plaintiff was within a zone of physical danger by reason of the defendant's alleged negligence, there is no factual basis for the plaintiff's claim of negligent infliction of emotional distress. Accordingly, the defendants' motion for summary judgment on this count will also be granted.

An appropriate order accompanies this memorandum.