**262**

**HAELAN LABORATORIES, Inc.,**
**Plaintiff,**

v.

**TOPPS CHEWING GUM, Inc. and Arthur B. Karam, the name "Arthur" being fictitious, said defendant's first name being unknown to Plaintiff, Defendants.**

**Civ. A. 15476.**

United States District Court
E. D. New York.

May 10, 1955.

Coudert Brothers, New York City, for plaintiff.

Howard Hilton Spellman, New York City, for defendants.

GALSTON, District Judge.

The motion to remand this action to the State Supreme Court where it originated is based on the ground that all of the defendants are not non-residents of the State of New York.

The removal statute, Sec. 1441 of Title 28 U.S.C.A., in subdivision (b), after reciting that any civil action of which district courts have original jurisdiction founded on a claim arising out of the Constitution, treaties or laws of the United States, shall be removable without regard to citizenship or residence, sets forth:

"Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

█ It appears in the complaint that the plaintiff is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia; and that the defendant, Topps Chewing Gum, Inc., is a corporation existing under the laws of the State of New York, with its principal place of business in Brooklyn. The action is in tort for the interference with contractual relations between the plaintiff and baseball players in organized baseball. There is no federal question presented. Since, therefore, it appears from the complaint that the Topps Chewing Gum is a New York corporation, the complaint fails to disclose statutory grounds for removal from the state court to the federal court.

█ Moreover, the provisions of Sec. 1447, Title 28 U.S.C.A., which regulates

the procedure after removal, does not aid the defendants. Subdivision (c) provides that the district court shall remand the case:

"\* \* \* if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction".

The defendants assert that the term "improvidently" has not been the subject of judicial interpretation. It was suggested by counsel for the defendants that the term implies that there is *discretion* vested in the court to determine the connotation of the term. As I read the section, I think at most or at best "improvidently" is the equivalent of *wrongfully*, or *without legal basis*. However, the conclusion must be reached that no interpretation can be given by the court which would create jurisdiction where none existed. Sec. 1441, supra, is a complete bar to the exercise of jurisdiction in this action by this court. It was "improvidently" removed.

Accordingly the motion to remand is granted.

Settle order.