**JIZCHAK BIER LTD., Plaintiff,**

v.

**WELLS, INC., Defendant.**

No. 69 Civ. 4417.

United States District Court,
S. D. New York.

March 17, 1970.

Solomon B. Terkeltoub, New York City, for plaintiff.

Parr, Doherty, Polk & Sargent, New York City, for defendant; by Robert S. Newman, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

Counsel appearing on behalf of a corporation with the name of the defendant has moved to quash service of process and to dismiss the complaint on the ground that the Court lacks personal jurisdiction over the defendant. The jurisdiction of the Court purports to be based on diversity of citizenship. However, the jurisdictional averment in the complaint is patently insufficient under the statute. 28 U.S.C. § 1332(c). The present complaint contains no allegation of the principal place of business of either corporate party. Moreover, the citizenship of the defendant is not alleged; there is no allegation of the state of incorporation of the defendant and the mere assertion that the defendant is a corporation does not sufficiently identify the party intended to be sued.[1] *See, e. g.,* John Birch Society v. National Broadcasting Co., 377 F.2d 194 (2d Cir. 1967); McCurdy v. Greyhound Corp., 346 F.2d 224, 225 n. 1 (3d Cir. 1965); Wymard v. McCloskey & Co., Inc., 342 F.2d 495 (3d Cir. 1965), cert. denied, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68; Aetna Ins. Co. of Hartford, Conn. v. Southern, Waldrip & Harvick, 198 F.Supp. 505, 508 (N.D. Calif.1961); Brandt v. Bay City Super Market, 182 F.Supp. 937 (N.D.Calif. 1960).

Accordingly, the merits of the motions pending before the Court are not reached. The complaint is defective and on the Court's own motion the complaint is dismissed with leave to file an amended complaint within 20 days from the date of this order. *See,* 28 U.S.C. § 1653.

So ordered.

---

1. For an appropriate form of allegation see Federal Rules of Civil Procedure, Appendix of Forms, Form 2(a) (28 U.S.C.Fed.R.Civ.P.Rules 1 to 11, Supp. 1970).