**DUNKIN DONUTS OF AMERICA, a body corporate of the State of Massachusetts**

v.

**FAMILY ENTERPRISES, INC., a body corporate of the State of Maryland.**
**Civ. No. Y–74–829.**

United States District Court,
D. Maryland.
Sept. 13, 1974.

Charles M. Tatelbaum, Baltimore, Md., for plaintiff.

Joseph I. Huesman, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Dunkin Donuts of America, Inc. (DDA), in the business of selling donut franchises, entered into a franchise agreement with the defendant, Family Enterprises, Inc., under which the defendant was given the right to operate one of the plaintiff's franchise outlets. Pursuant to the agreement, the defendant established a DDA retail outlet in Baltimore, Maryland.

■■ The plaintiff filed suit in the Circuit Court for Baltimore City, alleging that the defendant breached the franchise agreement. A petition for removal of the action was filed by the defendant pursuant to 28 U.S.C. § 1441 on August 2, 1974, and the plaintiff promptly filed a motion to remand on August 5, 1974. A district court is required to notice and determine federal jurisdiction of a removed case, Lomax v. Duchow, 163 F.Supp. 873 (D.Neb.1958), and the plaintiff has correctly challenged removal by its motion to remand.

■ Title 28 U.S.C. § 1441(a) provides for the removal from state courts of civil actions over which district courts have original jurisdiction:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Pursuant to this statute, the defendant filed to remove the instant action to this Court based on diversity of citizenship between the parties under 28 U.S.C. § 1332. The defendant has followed the proper procedure for removal under 28 U.S.C. § 1446. However, with regard to diversity of citizenship, § 1441(b) provides that a civil action

> shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Removal jurisdiction is therefore narrower than original jurisdiction for diversity cases and § 1441(b) effectively prevents a citizen who is sued in the courts of his own state from removing the cause to a federal forum unless the

claim or right arises under the Constitution, treaties or laws of the United States.

■ The defendant's petition states in Paragraph 2 that "The Defendant is a Maryland Corporation with its principal place of business in Maryland." As specifically provided in 28 U.S.C. § 1332, "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." By its own admission, the defendant is both incorporated and has its principal place of business in Maryland, and is a citizen of Maryland for the purpose of removal. It is thereby precluded from removing this action to the Federal District Court for the District of Maryland under § 1441(b). *See generally* DeFoe v. Florance, 307 F.Supp. 100 (E.D.Va.1969); 1A J. Moore, Federal Practice ¶0.161 (2d ed. 1973).

Since the defendant has failed to state a valid ground for removal in its petition, remand to the state court is the proper course of action. Remand is mandated by 28 U.S.C. § 1447(c) which states that:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case * * *.

■■ When remanding a case, the district court is authorized to award just costs under § 1447. In light of the fact that lack of jurisdiction was obvious from the face of the petition, the Court feels warranted in ordering the payment by the defendant to the plaintiff of the costs of the proceeding before this Court.

■ To prevent further interruption of the litigation, the parties are reminded that under 28 U.S.C. § 1447(d), an order to remand a case to the state court from which it was removed is not reviewable by appeal or otherwise.

It is, therefore, this 13th day of September, 1974, by the United States District Court for the District of Maryland, Ordered:

1. That the motion for remand is hereby granted;

2. That the defendant pay to the plaintiff all costs of the proceedings before this Court; and

3. That a certified copy of this order to remand shall be mailed by the Clerk of this Court to the Clerk of the Circuit Court for Baltimore City.