## RICHMOND, FREDERICKSBURG & POTOMAC RAILROAD CO., etc.

v.

## INTERMODAL SERVICES, INC.

### Civ. A. No. 80–0898–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 19, 1981.

John O. Peters, Robert E. Eicher, Channing J. Martin, Richmond, Va., for plaintiff.

John W. Fain, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This action was originally filed in the Circuit Court of Henrico County, Virginia. On 10 November 1980 defendant filed a timely petition for removal pursuant to 28 U.S.C. § 1441. At the initial pre-trial conference the Court, *sua sponte*, questioned whether defendant had alleged sufficient facts in its petition to establish diversity of citizenship as required under 28 U.S.C. § 1332. Specifically, defendant had failed to state its principal place of business in its

petition for removal. *See* 28 U.S.C. § 1332(c). Defendant concedes that its petition is deficient in this regard and requests leave to amend its petition to allege sufficient facts establishing diversity of citizenship. Defendant recognizes that the 30-day period prescribed by 28 U.S.C. § 1446(b) within which to file a petition for removal has expired.

## I.

The parties have presented three issues to the Court. First, where a petition for removal in a diversity case fails to state the principal place of business of the corporate defendant, may this jurisdictional defect be cured by amendment to the petition after expiration of the 30-day period prescribed by 28 U.S.C. § 1446(b)? Second, is the answer to this question affected by the fact that the "cover sheet" (Form JS 44C, Rev. 7/80), filed with the petition by counsel for defendant, contained a notation that defendant's principal place of business is in a named State different from the State of plaintiff's citizenship? Finally, does 28 U.S.C. § 1653, permitting amendment to "defective allegations of jurisdiction," even as late as appeal, answer the initial question raised?

The Court concludes that all three questions must be answered in the negative.

## II.

In *Thompson v. Gillen*, 491 F.Supp. 24 (E.D.Va.1980), this Court recognized the general rule that allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after expiration of the 30-day removal period, whereas "missing allegations may not be supplied nor new allegations furnished." *Id.* at 27. This Court, as well as the Fourth Circuit, has not had an occasion to apply the rule to the specific situation where a corporate defendant has failed to allege its principal place of business. Courts which have ruled on this issue adhere to either a liberal or a strict construction of this general rule.

The liberal view allows amendments after the 30-day removal period where jurisdiction is alleged in a conclusory fashion or where some allegations, such as principal place of business, but not all other necessary specifics, are absent. An important consideration under the liberal view is whether the plaintiff would be prejudiced by the amendment. *See, e. g., Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 317–18 (9th Cir. 1969); *London v. Standard Oil Co. of Cal., Inc.*, 417 F.2d 820, 822 (9th Cir. 1969); *Rossi, Turecamo & Co. v. Best Resume Serv., Inc.*, 497 F.Supp. 437, 439–41 (S.D.Fla.1980). The liberal view has been endorsed by some notable commentators. *E. g.*, C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3733 (1976); J. Moore & J. Wicker, *Moore's Federal Practice* ¶ 0.157 [10.2] (2d Ed.1979). A prime example of the liberal construction can be found in *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir. 1968), where the 10th Circuit stated:

> We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case [no allegation of corporate defendant's state of incorporation], we believe that their reasoning would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate perfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exhault form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts.

*Id.* at 301 (footnotes omitted).

The view of strict construction holds that *all* statutory requisites of diversity jurisdiction must be alleged at least imperfectly in the original petition for removal, otherwise the petition may not be amended after expiration of the 30-day removal period. This rule was well stated by the court in *F & L Drug Corp. v. American Central Insurance Co.*, 200 F.Supp. 718 (D.Conn.1961), in which the corporate defendant failed to allege its principal place of business in its petition:

But where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded. (Citations omitted.)

. . . . .

An absence of an allegation cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend an allegation; it seeks to introduce one not heretofore made.

*Id.* at 722. Reaching a similar result is the holding in *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D.Mich.1977).

[I]n this case, the allegation in the Petition for Removal failed to plead principal place of business for a corporate party and, thus, an essential allegation for establishing jurisdiction is lacking. This is not a situation where a jurisdictional allegation was erroneously made through inadvertence or failure to plead sufficient facts to satisfy a jurisdictional allegation. Rather, this case typifies those cases where a jurisdictional allegation is completely lacking and, thus, for this court to permit an amendment to the Petition for Removal, would not do justice to the requirements set forth in 28 U.S.C. § 1446(b). In other words, this is a case where the jurisdictional allegation is "so defective as to be incurable." *Kinney v. Columbia Savings and Loan*, 191 U.S. 78, 80, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903). When the defendant removed this case, the court did not acquire jurisdiction, since jurisdiction was not properly alleged. To permit defendant to now amend its Petition for Removal to include a new and proper allegation of jurisdiction would, in effect, allow defendant to vest in this court removal jurisdiction more than thirty days after service of and receipt by the defendant of the complaint. This the Court cannot permit.

*Id.* at 925 (footnote omitted). *See also Jennings Clothier of Fort Dodge, Inc. v. United States Fidelity & Guaranty Co.*, 496 F.Supp. 1254, 1255 (N.D.Iowa 1980); *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F.Supp. 1156, 1161 (D.Md.1978); *Fort v. Ralston Purina Co.*, 452 F.Supp. 241, 242 (E.D.Tenn.

1978); *Eubanks v. Krispy Kreme Doughnut*, 208 F.Supp. 479, 482–83 (E.D.Tenn. 1961).

### III.

This Court has in *Thompson v. Gillen, supra,* endorsed the view of strict construction. In that case the record indicated that the parties resided in different states. The record did not indicate, however, that the parties were of diverse citizenship, citizenship being determined, of course, by domicile and not residence. *Id.* at 27. This Court held in *Thompson v. Gillen* that removal jurisdiction was lacking.

The State defendant, in her petition for removal, has not simply alleged federal jurisdiction imperfectly; she has failed to allege jurisdiction at all. Moreover, the statutory period for filing a removal petition has expired, and no amendment to the petition has been offered. In these circumstances it is not for the Court, on its own motion, to direct the petitioner to amend her pleading and establish the Court's authority to hear and decide the case. Finally, even if proffered, an amendment should not be filed [because of the running of the 30-day removal period].

*Id.* at 29. Accordingly, this Court remanded the action to State court.

The Court believes that strict construction should be applied to the facts in this case. The Court recognizes that in so deciding the Court is being "grudging" with its removal jurisdiction. Nonetheless, the Court believes that what may be characterized as "legal flaw-picking" with respect to the jurisdictional requisites for removal is necessarily required by 28 U.S.C. § 1446(b). There are at least four reasons for this belief.

First, an "important reason for strict construction of removal statutes is that the exercise of removal jurisdiction—particularly when based on diversity—is in derogation of State sovereignty." *Thompson v. Gillen, supra,* at 26. *See Van Horn v. Western Electric Co., supra,* at 923. In the removal situation, an action pending before

a court of competent jurisdiction is removed to federal court at the behest of one of the parties and over the objection of the other. Considerations of State sovereignty, comity, and traditional judicial respect for the jurisdiction of other courts, suggests that federal courts should be "grudging" with the exercise of removal jurisdiction. *See Evans-Hailey Co. v. Crane Co.*, 207 F.Supp. 193, 198 (M.D.Tenn.1962).

A second basis for strict construction is that the jurisdictional allegations for removal are extremely simple for any lawyer to draft. Counsel for defendant argues in its Motion for Leave to Amend, at 2–3, that the allegation can be made in a sentence:

Petitioner is, and was at the time the action was commenced, a corporation incorporated in Georgia, with its principal place of business in Georgia.

For lawyers confused about the jurisdictional requisites for removal, the drafters of the Federal Rules of Civil Procedure have, in Form 2, published a clear and unmistakable form for the allegation of diversity jurisdiction.[1] With allegations so easily drafted, a failure properly to allege diversity is ground for an inference that the lawyer has met with some factual difficulty affecting his client's right to removal.

■ A third reason for strict construction, as opposed to liberal construction, is that the latter promotes uncertainty as to the court's jurisdiction in the marginal cases. As the quoted language of the 10th Circuit's decision in *Hendrix v. New Amsterdam Casualty Co.*, supra, suggests, the liberal view requires that the court engage in a balancing process to determine whether the court is being "too grudging" or merely grudging, "too prone" or instead, properly prone, "unduly," as opposed to duly, exalting form over substance, in the exercise of its removal jurisdiction. *Id.* at 301. As a result of this balancing process, the court's jurisdiction is or may be in doubt throughout the trial and subsequent appeals. Either party losing may question the court's

jurisdiction at any time, rendering uncertain that which should be certain. *See Van Horn v. Western Electric Co.*, supra, at 923. An expensive and lengthy trial may be set to nought when an appellate court perceives the balancing act under a different light. A strict construction of the removal statutes wholly removes this uncertainty. Hence, a mechanical application of the statutes should be favored over a weighing or balancing process.

■ The fourth reason relates to the appropriate reading of 28 U.S.C. § 1653. The liberal view would permit not only amendments, but supplements to jurisdictional allegations in the petition after expiration of the 30-day removal period. Such a reading of § 1653 would substantially eviscerate 28 U.S.C. § 1446(b). Section 1446(b) is a statute of repose, requiring prompt resolution of the right of removal so that the trial of the lawsuit is not unduly delayed. Thus, any application of § 1653 to § 1446(b) should be a strict one. Surely they should be read together to give proper effect to both. After expiration of the 30-day removal period, a party should be permitted to amend a petition to cure defective allegations of jurisdiction but not to supply missing allegations. The 30-day period of repose loses much of its efficacy if § 1653 is permitted to override § 1446(b). *See Van Horn v. Western Electric Co.*, supra, at 924–27, and authorities cited therein.

## IV.

■ The Court now turns to defendant's contention that the "cover sheet" filed with the petition for removal supplies the missing allegation as to defendant's principal place of business. Since this Court has previously adopted the majority view that the whole record brought forward on removal should be examined to determine removal jurisdiction, *Thompson v. Gillen*, supra, at 27 n.4, defendant contends that the failure to allege a principal place of business in the petition can be cured by refer-

---

1. The form suggests that the allegation as to principal place of business be couched in the language, "having its principal place of business in the, "having its principal place of business in a State other than the State of [plaintiff's citizenship]."

ence to the cover sheet. The technical problem with defendant's contention is that the cover sheet is not a part of the record, properly so called. The cover sheet is neither a pleading nor a motion.[2] It is not filed with the Court papers. It is not filed under oath as required by § 1446(a). It is an administrative document lodged on the left side of the file with other administrative papers and correspondences between the Court, the Clerk's Office, and the parties.

Even if the cover sheet were a part of the record, which the Court concludes it is not, the allegation therein is technically insufficient in that it does not negate the possibility that defendant has a principal place of business in Virginia as well as in Georgia.[3] Thus, the cover sheet does not supply the missing allegation in form or in substance required by the removal statutes.

### V.

In summary, the Court concludes that an allegation showing diversity of the principal place of business of a corporate defendant is essential to a valid removal petition; that 28 U.S.C. § 1653 when read in conjunction with 28 U.S.C. § 1446(b) does not permit the filing of an amended petition after the 30-day removal period to correct the omission of such an allegation; and allegations on a cover sheet may not be considered as a part of the record to supply the missing allegation.

Accordingly, this action will be REMANDED, pursuant to 28 U.S.C. § 1447(c), to the State court.