Brigitte GRODECK, et al., Plaintiffs,

v.

Emil Bernhard JUNG, et al.,
Defendants.

Civ. A. No. 83–0116–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 29, 1984.

Richard T. Robol, Norfolk, Va., for plaintiffs.

Andrew H. Perkins, Leesburg, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court on the plaintiffs' motion for award of costs resulting from the defendants' improper removal of the above-styled case to this court from the Circuit Court of Clarke County, Virginia. All parties have voluntarily agreed to the remand of the case to the Circuit Court of Clarke County. One of the defendants, The American Association of Holsteiner Horses, Inc.,[1] is a Virginia corporation. Hence, removal was improper because 28 U.S.C. § 1441(b) provides that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may award the payment of just costs." The court has reviewed the plaintiffs' motion for judgment filed in the state court, the petition for removal, and the answer filed by the defendants in this court. The court concludes that this matter was indeed improvidently removed.[2] Such improvident removal should have been obvious to the defendants. Consequently, the court shall award reasonable costs and attorney's fees in this matter. *See Dunkin Donuts of America v. Family Enterprises, Inc.,* 381 F.Supp. 371, 373 (D.Md.1974). The court awards costs of $292.00 and reasonable attorney's fees of $250.00.

An appropriate Order shall this day issue.

---

1. As will be developed later in this opinion, the proper name of this defendant is The American Association of *Breeders of* Holsteiner Horses, Inc.

2. Defendants argue that since no such entity as The American Association of Holsteiner Horses, Inc., exists, it was not apparent on the face of the petition for removal that the Association "is [not] a citizen of the State in which such action is brought", *see* 28 U.S.C. § 1441(b), and hence removal was not obviously improper. The court finds this argument without merit. The defendants knew full well despite the misnomer in the plaintiffs' motion for judgment that the plaintiffs were suing The American Association of Breeders of Holsteiner Horses, Inc., a Virginia corporation of which the other defendant, Emil Bernhard Jung, was president.