Tim **TRALMER**, Terry Tralmer, Sharon A. Gilson, A. Kay Saunders, Individually, and A. Kay Saunders, Executrix of the Estate of Howard Tralmer, Deceased; Estate of Howard Tralmer; A. Kay Saunders, Executrix of the Estate of Alice Tralmer, Deceased; and the Estate of Alice Tralmer, Plaintiffs,

v.

GALAXY AIRLINES, INC., a Florida corporation; Lockheed Corporation, a California corporation; Detroit Diesel Allison Division of General Motors Corporation, a Delaware corporation; Hamilton Standard, a Division of United Technologies, a Delaware corporation; Caesars World, Inc., a Florida corporation; Caesars Desert Palace, Inc., dba Caesars Tahoe, a Nevada corporation; Hy Thayer, an individual; # 1 Club, a business entity; and Does One through One Hundred, Defendants.

No. CV–R–85–133–ECR.

United States District Court, D. Nevada.

June 7, 1985.

John Echeverria, San Francisco, Cal., and Ron Bath, Reno, Nev., for plaintiffs.

Walter J. Lack, Los Angeles, Cal., and Bruce R. Laxalt, of Beckley, Singleton, DeLanoy & Jemison, Chartered, Reno, Nev., for Galaxy Airlines, Inc., Caesars World, Inc., Desert Palace, Inc., dba Caesars Tahoe, Hy Thayer, an individual, and #1 Club, a business entity.

William G. Cobb, Reno, Nev., for Allison Gas Turbine Div. of Gen. Motors Corp. (defendant's name was incorrectly set forth in the complaint as Detroit Diesel Allison Division of General Motors Corporation, a Delaware corporation)

Allan Shamberger, Reno, Nev., for Hamilton Standard.

Lockheed Corp., a California corp., has not entered an appearance in the case.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This diversity case was removed to this Court from the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, on petition of defendants Galaxy Airlines, Inc., Caesars World, Inc., and Caesars Desert Palace, Inc., dba Caesars Tahoe. A timely motion for remand has been filed by the plaintiffs. The grounds for the motion are that the removal was improvident and the Court lacks jurisdiction because: (1) defendant Caesars Desert Palace, Inc., is a citizen of Nevada, since it is incorporated and has its principal place of business here, and (2) all the named and served defendants did not join in the petition to remove. The record reveals that defendant Lockheed Corporation, which was served with summons and complaint on February 27, 1985, and defendant Hamilton Standard, which was served on March 5, 1985, have not joined in the removal petition.

The removal statute, 28 U.S.C. § 1441, provides in subsection (b) thereof that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In turn, 28 U.S.C. § 1332(c) prescribes that, for the purposes of § 1441, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." The petition for removal, itself, acknowledges that defendant Caesars Desert Palace, Inc., dba Caesars Tahoe, is a Nevada corporation. As a result, § 1441(b) precludes removal. 1A Moore's Fed.Prac. ¶ 0.168[3.–2–2], at p. 548.

All defendants who have been served and may properly join in the removal petition must join in order to avoid the plaintiffs' choice of a state forum. *Id.* at pp. 548–551; *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.,* 644 F.2d 1310, 1314 (9th Cir.1981). Defendants Lockheed Corporation and Hamilton Stan-

dard were served and could properly have joined in the removal petition, but did not.

The plaintiffs request that the removing defendants be ordered to pay the plaintiffs' costs incurred by reason of the removal proceedings. They contend that such an order would be just because the legal defects in the removal petition appeared right on the face of the document.

 28 U.S.C. § 1447(c) authorizes the district court to order the payment of just costs where "it appears that the case was removed improvidently and without jurisdiction...." "Improvidently" has been defined to mean "legally defective." *Sheet Metal Workers Intern. Ass'n, AFL–CIO v. Seay*, 693 F.2d 1000, 1005 n. 7 (10th Cir. 1982); *Kaib v. Pennzoil Co.*, 545 F.Supp. 1267, 1269 (W.D.Pa.1982); *see also Haelan Laboratories, Inc. v. Topps Chewing Gum, Inc.*, 131 F.Supp. 262, 263 (E.D.N.Y. 1955). A case has been "improvidently" removed if one of the statutory requirements for removal has not been satisfied. *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 647 n. 8 (5th Cir.1978). The instant case was removed improvidently.

Although the ordering of payment of costs is discretionary under § 1447(c), costs generally are awarded where the nonremovability of the action is obvious. *Pack v. Rich Terminal Company*, 502 F.Supp. 58, 60 (S.D.Ohio 1980); *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371, 373 (D.Md.1974); *Grodeck v. Jung*, 582 F.Supp. 544, 544 (W.D.Va.1984). Such is the case here.

IT IS, THEREFORE, HEREBY ORDERED that defendants Galaxy Airlines, Inc., Caesars World, Inc., and Caesars Desert Palace, Inc., dba Caesars Tahoe, shall pay to the plaintiffs all costs and disbursements incurred by the plaintiffs by reason of the removal proceedings. In furtherance thereof, within fourteen (14) days of the date hereof the plaintiffs shall serve on the attorneys for said removing defendants, and file with the Clerk of this Court, an application for the taxation of those costs and disbursements. The application and procedure shall conform with Rule 20 of the Local Rules of Practice.

IT IS FURTHER ORDERED that, after said costs and disbursements have been taxed by the Clerk, the case shall be remanded to the Second Judicial District Court of the State of Nevada, in and for the County of Washoe.