Joe A. BARNHILL, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Associated Petroleum Carriers, and Jimmy Elliott, d/b/a Mullins Transport, Defendants.

No. 4:89–2785–15.

United States District Court,
D. South Carolina,
Florence Division.

March 2, 1990.

Ronald J. Jebaily, Jebaily & Glass, P.A., Florence, S.C., Ray P. McClain, Charleston, S.C., for plaintiff.

Lawrence B. Orr, Bridges and Orr, Florence, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

The present declaratory judgment action was originally brought in the Court of Common Pleas for Marion County, South Carolina, and was subsequently removed to this court apparently pursuant to 28 U.S.C. § 1441(a) and (b).[1] The matter is currently before the court upon plaintiff's motion to remand filed on December 22, 1989. Because the court lacks subject matter jurisdiction, the court is constrained to remand this action to state court. 28 U.S.C. § 1447(c).

The present action arises out of injuries allegedly sustained by plaintiff, Joe A. Barnhill (Barnhill), in a motor vehicle accident which occurred on or about July 19, 1988. At the time of the accident, Barnhill was an employee of defendant Jimmy Elliott (Elliott), doing business as Mullins Transport, and was operating a truck owned by Elliott. However, the truck itself, and the services of Barnhill, were under lease to and being operated under the authority of defendant Associated Petroleum Carriers (APC). Pursuant to the terms of the lease between Elliott and APC, APC was to provide liability insurance on the Elliott vehicles, including the truck at issue. APC allegedly secured coverage for the truck under a policy with INA. Because a second vehicle which was involved in the accident was apparently uninsured, however, Barnhill instituted a declaratory judgment action in state court to determine whether uninsured motorist coverage (and possibly other coverage) was available under the terms of the INA policy.

In support of his motion to remand, Barnhill contends, among other things, that the court is without jurisdiction over this action because the notice of removal filed by INA fails to allege the state in which the removing corporate defendant, INA, has its principal place of business or place of incorporation. Because a jurisdictional basis for removal was not established within the thirty day time limitation on removal found in 28 U.S.C. § 1446(b), Barnhill also argues that INA should not be allowed to amend its notice of removal. In response, INA argues that its notice of removal sufficiently establishes a jurisdictional basis for removal. Alternatively, INA requests leave to amend its notice of removal to include its state of incorporation and princi-

---

1. This action was removed by defendant Insurance Company of North America (INA). Curiously, the notice of removal does not specify the federal removal statute which allegedly entitles INA to removal.

pal place of business, even though the thirty day time restriction on removal established by 28 U.S.C. § 1446(b) expired on December 22, 1989.[2]

The procedure for exercise of the statutory right of removal is codified in § 1446(a). That provision was revised in November 1988. *See* Judicial Improvements and Access to Justice Act, P.L. 100–702, 102 Stat. 4642 (1988) (Act). Section 1446(a) currently requires that the removing party file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal...." Prior to the November 1988 revision, § 1446(a) required the removing party to file "a verified petition containing a short and plain statement of the facts which entitle him or them to removal...." Under the prior version, courts required, almost uniformly, that a petition for removal was defective if it failed to allege both the state in which the removing defendant had its principal place of business and the state of incorporation. *See, e.g., Wenger v. Western Reserve Life Assurance Co. of Ohio*, 570 F.Supp. 8, 10 (M.D.Tenn.1983); *Richmond, Fredericksburg & Potomac R. Co. v. Intermodal Services, Inc.*, 508 F.Supp. 804, 808 (E.D.Va.1981); *Jennings Clothiers of Fort Dodge, Inc. v. United States Fidelity & Guaranty Co.*, 496 F.Supp. 1254, 1255 (N.D.Iowa 1980); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 923 (E.D.Mich.1977).

■ Significantly, the legislative history of the Act evinces a congressional objective "to reduce the basis for Federal court jurisdiction based solely on diversity of citizenship." H.R.Rep. No. 100–889, 100th Cong., 2d Sess. 44, *reprinted in* [1988] 7 U.S.Code Cong. & Admin.News 5982, 6005. Although the report expressed concern over judicial attempts to require "detailed fact pleading," the legislative history indicates Congress' intention that the "grounds for removal be stated in terms borrowed from

the jurisdictional pleading requirement established by civil rule 8(a)." *Id.* at 6032.[3] Of course, the residency of a corporate entity for purposes of diversity jurisdiction is determined by both the state(s) of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). And this definition of corporate residency is expressly applicable to both original jurisdiction under § 1332, and, in addition, removal jurisdiction under § 1441. Thus, revised § 1446(a) requires that the grounds for removal by a corporate defendant (*i.e.,* that the defendant is diverse both in terms of its state of incorporation and the state of its principal place of business) be alleged in the form required by Rule 8(a), Fed.R.Civ.Proc., as that provision has been applied under § 1332.

To invoke the original jurisdiction of a federal court under § 1332, courts require a corporate party to adequately demonstrate the existence of total diversity in light of its capacity for multiple residency under § 1332(c). In other words, Rule 8(a) has been applied in this context to require that a corporate party allege both its state of incorporation and its principal place of business in order to invoke federal diversity jurisdiction. *Equitable Life Assurance Society v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1025–26 (S.D.N.Y.1985) (diversity jurisdiction inadequately pled where corporate plaintiff fails to allege its principal place of business); *Jizchak Bier Ltd. v. Wells, Inc.*, 310 F.Supp. 843 (S.D.N.Y.1970) (jurisdictional averment patently insufficient under § 1332(c) where complaint does not contain, among other things, an allegation of the corporate party's principal place of business); *Owens–Illinois Glass Co. v. American Coastal Lines, Inc.*, 222 F.Supp. 923, 924–25 (S.D.N.Y.1963); *Maryland Casualty Co. v. Baker*, 196 F.Supp. 234, 236 (E.D.Ky.1961). *See John Birch Society v. Nat'l Broadcasting Co.*, 377 F.2d 194, 197 (2d Cir.1967) ("diversity of citizenship must be apparent from the pleadings");

---

**2.** Since the court has concluded that this action should be remanded because of defects in INA's notice of removal, the parties' remaining contentions will not be addressed.

**3.** The Act's legislative history is silent on the question of whether amendment under § 1653 or otherwise is proper after the thirty day time limit established by § 1446(b) has elapsed.

*Simmons v. Rosenberg,* 572 F.Supp. 823, 825 (E.D.N.Y.1983) (diversity jurisdiction must be alleged with detail and certainty).[4]

Because § 1441(a) provides only for removal of actions "of which the district courts of the United States [would] have original jurisdiction," and because Rule 8(a) has been interpreted to require a corporate party to adequately allege the existence of complete diversity both in terms of its state of incorporation and the state of its principal place of business to invoke original jurisdiction under § 1332, the court is constrained to apply these fundamental principles to INA's attempted removal of this matter on the basis of diversity jurisdiction. Application of the pleading requirements governing corporate parties which attempt to invoke the original jurisdiction of a federal court under 28 U.S.C. § 1332 to the statutory removal provision is expressly required by § 1332(c), and, in addition, is especially appropriate in light of the Act's legislative history, *see* supra p. 48. Put simply, "the basic principles of diversity jurisdiction, such as the requirement of complete diversity between plaintiffs and defendants ... are fully applicable to Section 1441(b)...." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3723, at 306–07 (1985).

■ The notice of removal in the present case provides in pertinent part:

your petitioner, Insurance Company of North America, at the time of the com-

mencement of this action and of the filing of this Petition, was and is a corporation organized and existing by virtue of the laws of some state other than the State of South Carolina; and that at all of said times the Plaintiff and this Defendant were and are citizens of different states of the United States.

Notice of Removal, para. 1. In short, neither the complaint, the notice of removal, nor any other material in the record alleges INA's state of incorporation. Perhaps most important, the record also fails to adequately demonstrate the diversity of INA's principal place of business. Accordingly, it is clear that INA's jurisdictional allegations do not conform to the requirements of Rule 8(a), Fed.R.Civ.Proc., as that provision has been applied within the rubric of § 1332.

■ Although INA's jurisdictional predicate for invocation of diversity jurisdiction has remained defective for a substantial period of time after expiration of the thirty day time limitation on removability established by § 1446(b),[5] INA purports to rely on several appellate decisions which have allowed amendment of defective jurisdictional allegations pursuant to 28 U.S.C. § 1653 outside the statutory time limit.[6] INA's reliance on this line of decisions is misplaced, however, because of the critical distinction between evaluating the propriety of removal jurisdiction *after* judgment has been entered in a federal proceeding

4. As stated by a highly respected treatise on federal practice:

Since the federal courts are courts of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction in an action involving a natural person. Moreover, it is impossible for a litigant to waive the defense of lack of diversity. As an additional consequence of the limited jurisdiction of the federal courts, the *burden of pleading the citizenship of each and every party to the action is on the party seeking to invoke the federal forum. Citizenship must be affirmatively alleged;* this is because the statement in the pleading *is the basis of the court's subject-matter jurisdiction....*

13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3611, at 516–17 (1984) (footnotes omitted) (emphasis added). In contrast to the liberal amendment policy generally followed under § 1332, amendment of the no-

tice of removal is necessarily permissible only in extraordinary situations because, unlike invocation of original jurisdiction, removal jurisdiction is expressly limited by the explicit thirty day limitation on removal jurisdiction specified in § 1446(b).

5. INA filed its notice of removal on November 22, 1989, yet did not attempt to amend its notice of removal until February 27, 1990. Section 1446(b) requires the notice of removal to be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

6. That provision provides that "[d]efective allegations of jurisdiction *may* be amended, upon terms, in the trial or appellate courts."

rather than immediately after removal to federal court.

In each of the cases relied upon by INA, the court was faced with the difficult choice of allowing amendment under § 1653, or, in the alternative, vacating a federal judgment which had already been entered after completion of discovery and a dispositive motion, or, in some cases, a trial on the merits. Indeed, the Supreme Court has struggled with challenges to the propriety of removal pressed after judgment at the district court level. *Compare American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (lower court judgment vacated due to improvident removal) *with Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1348–49, 31 L.Ed.2d 612 (1972) (defect in initial removal not basis for vacation of federal judgment where federal jurisdiction exists at time of judgment). Precisely because of these post-judgment concerns, which of course are not implicated presently, these courts were constrained to opt for the lesser of two evils. Each of the cases cited by INA is distinguishable on this basis: *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir.1969) (appeal from grant of summary judgment in favor of defendant), *London v. Standard Oil Co. of California, Inc.*, 417 F.2d 820 (9th Cir. 1969) (appeal from jury verdict in favor of defendant), *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir.1968) (appeal from grant of summary judgment in favor of defendant), *Buell v. Sears, Roebuck and Co.*, 321 F.2d 468 (10th Cir.1963) (appeal after apparent nonjury trial), and *Firemen's Ins. Co. of Newark, New Jersey v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir.1961) (appeal after judgment rendered in favor of plaintiff).

In *Able v. Upjohn Co., Inc.*, 829 F.2d 1330 (4th Cir.1987), a case removed pursuant to § 1441(c), the court explained the factors which mandate an entirely different inquiry when the propriety of removal is challenged after a judgment has been entered at the district court level. Although expressing grave doubts about the *initial* propriety of removal jurisdiction, the court nonetheless affirmed the lower court's judgment in light of the following factors: (1) affirmance did not serve to judicially expand the scope of federal jurisdiction; (2) failure of the nonremoving party to object to removal earlier; and (3) encourage judicial economy and finality and avoid wasting judicial resources. *Id.* at 1132–34.

In contrast to *Able*, Barnhill has moved to remand the present case within the time period specified in § 1447(c), and, in addition, no significant pre-trial preparation has yet occurred. Thus, none of the concerns which prompted the *Able* court to overlook its "doubts" about the propriety of removal are implicated in the present case. It is this fundamental distinction between the posture of the *Able* case, as well as the appellate cases relied upon by INA, which renders their approach inapplicable to the present case. *See Van Horn*, 424 F.Supp. at 926–27. Rather, as noted by the *Able* court, this court is constrained to effectuate Congress' clear intention to restrict removal, and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction. 829 F.2d at 1332; *Toyota of Florence, Inc. v. Lynch*, 713 F.Supp. 898, 900 (D.S.C.1989).

Accordingly, it is clear that the factors which necessitate a more permissive view of amendment pursuant to 28 U.S.C. § 1653 are *not* implicated presently. Moreover, a number of compelling policy considerations, which are implicated presently, require this court to apply a very restrictive view of amendment—at least after the statutory period for removal found in § 1446(b) has expired. These considerations include:

(1) preventing federal court infringement upon the rightful independence and sovereignty of state courts, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), *see Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 279–80, 58 L.Ed. 544 (1914), *Chicago Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900);

(2) ensuring that judgments obtained in a federal forum are not vacated on appeal

due to improvident removal, *American Casualty Co. v. Finn*, 341 U.S. 6, 16–19, 71 S.Ct. 534, 541–43, 95 L.Ed. 702 (1951);

(3) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote, *Richmond, Fredericksburg & Potomac R. Co. v. Intermodal Services, Inc.*, 508 F.Supp. 804, 807 (E.D. Va.1981);

(4) allowing amendment of the notice of removal under § 1653 after the thirty day time limit for removal specified in § 1446(b) would "substantially eviscerate" the specific time provision enacted by Congress, *Richmond, Fredericksburg & Potomac R. Co.*, 508 F.Supp. at 807; and

(5) conceding that the traditional justification for diversity jurisdiction—state court hostility toward nonresident defendants—has been significantly reduced since the time diversity jurisdiction was created, *Van Horn*, 424 F.Supp. at 923.

Of course, these considerations are not implicated where the removing party seeks leave to amend the notice of removal within the thirty day statutory period, and thus courts generally grant leave to amend under these circumstances. *See, e.g., Garza v. Midland Nat'l Ins. Co.*, 256 F.Supp. 12, 15 (S.D.Fla.1966). A significant number of courts, however, have denied the removing party leave to amend altogether after the expiration of the thirty day time limit established by 28 U.S.C. § 1446(b). *See, e.g., Jennings Clothiers of Fort Dodge, Inc. v. United States Fidelity & Guaranty Co.*, 496 F.Supp. 1254, 1255 (N.D.Iowa 1980) (court lacks jurisdiction to grant leave to amend after expiration of statutory period for removal). Nevertheless, the overwhelming majority of courts allow amendment after expiration of the statutory period for removal only for the purpose of setting forth more specifically *each* ground for removal which had been imperfectly set forth in the original petition, *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980), *Van Horn*, 424 F.Supp. at 924 (and cases cited therein), but deny leave to amend to supply missing allegations or to supply new allegations. *Thompson*, 491 F.Supp.

at 27; *Richmond, Fredericksburg and Potomac R. Co.*, 508 F.Supp. at 805.

In *Van Horn* the court determined that a notice of removal was missing an essential allegation where, as here, it contained a conclusory allegation that the parties were diverse, and that the removing corporate party's state of incorporation was diverse from the plaintiff, but nonetheless failed to specify an allegation necessary to show that complete diversity existed—an averment that the removing party's principal place of business was diverse to the plaintiff. The defendant's petition there provided in pertinent part:

> The above entitled cause involves a controversy which is wholly between citizens of different states in that according to the allegations of plaintiff's Complaint, plaintiff was at the time of commencement of said cause and still is a Michigan resident, defendant is a corporation incorporated under the laws of the State of New York, and the value of the matter in controversy in said cause exceeds $10,000, exclusive of interests and costs, as appears from the allegations and prayer for relief contained in plaintiff's Complaint. Thus, said action is one over which the District Courts of the United States are given original jurisdiction under the provisions of 28 U.S.C. § 1332(a).

424 F.Supp. at 922, n. 1. Because the court determined that this omission rendered the petition incurably defective, it was constrained to deny the removing party leave to amend. Similarly, the court in *Richmond, Fredericksburg & Potomac R. Co.* remanded a diversity action to state court on grounds that the removal petition failed to include an allegation showing diversity of the principal place of business of the corporate defendant, and, in addition, held that amendment under 28 U.S.C. § 1653 to correct the omission was not permitted outside the thirty day period established by 28 U.S.C. § 1446(b). 508 F.Supp. at 808.

Like the removal petitions in *Van Horn* and *Richmond, Fredericksburg & Potomac R. Co.*, the present notice of removal fails to adequately demonstrate the existence of diversity between Barnhill's state

52

of residence and the state of INA's principal place of business. As the *Van Horn* court stated, a bare allegation that diversity exists without any specific allegation that the principal place of business is diverse from the plaintiff fails to supply an allegation necessary to establish diversity jurisdiction. 424 F.Supp. at 925. And to allow "defendant to now amend its Petition for Removal to include a new and proper allegation of jurisdiction would, in effect, allow defendant to vest in this court removal jurisdiction more than thirty days after service of and receipt by the defendant of the Complaint," *id.*, which, of course, this court cannot permit. *See* 28 U.S.C. § 1446(b).[7]

Based on the foregoing reasoning and cited authorities, the court is constrained to conclude that INA has not carried its burden of establishing the propriety of removal based on the alleged existence of diversity jurisdiction. *Hinks v. Associated Press,* 704 F.Supp. 638, 639 (D.S.C.1988). Accordingly, the court is required to remand this action to state court. 28 U.S.C. § 1447(c).

It is therefore required that this case be remanded to the Court of Common Pleas for Marion County, and that all pleadings filed be made a part of this case on remand. However, the court finds that it would be inappropriate to award plaintiff costs for improvident removal. A certified copy of this Order is to be mailed by the Clerk of this Court to the Clerk of Court of Common Pleas for Marion County, South Carolina.

IT IS SO ORDERED.

---

**7.** It is well recognized that the court cannot judicially notice the situs of the removing par-

ty's principal place of business. *See, e.g., Buell,* 321 F.2d at 470–71.