**Michael C. CASTLE and Big South Mining & Construction Co., Inc., a Kentucky Corporation, Plaintiffs,**

**v.**

**LAUREL CREEK CO., INC., a Delaware Corporation, et al., Defendants.**

**Civ. A. No. 3:94–0162.**

United States District Court, S.D. West Virginia, Huntington Division.

April 12, 1994.

H. Truman Chafin, Williamson, WV, Paula L. Wilson and Marvin W. Masters, Masters & Taylor, Charleston, WV, for plaintiffs.

Richard J. Bolen, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, Robert G. Jones, Arch Mineral Corp., St. Louis, MO, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the Defendants' motion to amend their notice of removal to this court and the Plaintiffs' motion to remand. For the reasons discussed below, the Court **DENIES** the Defendant's motion and **GRANTS** the Plaintiffs' motion.

### I.

The plaintiffs filed their complaint against these defendants in the Circuit Court of Mingo County, West Virginia, on December 23, 1993. The complaint accused the defendants of, *inter alia*, breach of contract, breach of fiduciary duty of good faith and fair dealing, fraudulent misrepresentation, and negligence. These accusations were made pursuant to a contract mining agreement or agreements between the defendants and plaintiffs.

The plaintiffs are residents of Kentucky. The complaint includes allegations against three corporate defendants: Laurel Creek Co., Inc., Agipcoal America, Inc., and Agipcoal Holding USA, Inc. All three corporate defendants are alleged to be organized under the laws of Delaware and to be performing work in West Virginia. The complaint also includes allegations against two individual defendants, Gene Campbell, a resident of Kentucky, and Joseph Gergely, a resident of West Virginia. It is the allegations against the individual defendants that concern the instant motions to amend and remand.

### II.

The defendants seek leave of the Court to amend their notice of removal filed on February 24, 1994. In the notice defendants asserted this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The notice agrees with the complaint that defendant Campbell was a resident of Kentucky and defendant Gergely was a resident of West Virginia.

Paragraph eleven (11) of the notice of removal states: "defendant Gene Campbell has been fraudulently joined as a defendant in this action for the sole and only purpose of defeating diversity jurisdiction in this Court, and, therefore, the citizenship of said defendant Gene Campbell must be disregarded for purposes of assessing diversity of citizenship jurisdiction." In their motion to amend the notice of removal, defendants seek to add defendant Gergely to paragraph eleven, contending Gergely was also fraudulently joined to the complaint, but was inadvertently omitted from the notice of removal, and that the omission was immaterial. Plaintiffs contend that although leave to amend may be freely granted within thirty days of defendant's receipt of the complaint, thereafter leave may only be permitted to set out allegations already made with greater specificity.

The statute granting authority to remove a case from state jurisdiction specifies the notice of removal shall be filed within thirty-days of the defendant's receipt of the initial pleading or service of summons in the action. 28 U.S.C. § 1446(b) (1991)[1]. The thirty-day period may be modified by 28 U.S.C. § 1653, which authorizes that, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Although courts in this Circuit have attempted to define under what circumstances a removal notice may be amended after the thirty day period has lapsed, there is a conflict in the standards applied. In *Ginn v. Stegall*, 132 F.R.D. 166, 167 (E.D.Va.1990)

---

1. The procedure for filing a notice of removal is found in 28 U.S.C. § 1446(b), which states, in relevant part:

"(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

the district court held that amendments to removal petitions should be liberally allowed, stating:

"it is well-settled that amendment is liberally allowed to cure defective allegations of removal jurisdiction. *See Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 83, 24 S.Ct. 30, 32, 48 L.Ed. 103 (1903) (stating that amendment to show diversity of citizenship is proper where a removal petition contains 'a technical defect and there are averments sufficient to show jurisdiction') *and Southern Pacific Co. v. Stewart*, 245 U.S. 359, 363, 38 S.Ct. 130, 131, 62 L.Ed. 345 (1917) (noting that '[a]mendments have been permitted so as to make allegations of the removal petition more accurate and more certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated').... the court is in accord with Professor Wright in viewing the cases denying amendment [when one fails to allege diverse citizenship] as 'unnecessarily grudging.' C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure § 3733 (1985)."

*See Board of Ed. of Charles County, Maryland v. Travelers Indemnity Co.*, 486 F.Supp. 129, 130 (D.Md.1980); *cf. Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987) (amendment will be permitted after the thirty-day period expires where the question is novel, complex and technical, and the ends of justice and judicial efficiency so require); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 274 (7th Cir.1982) ("[w]here the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential to removal and which has been omitted from the four corners of the removal petition, an amendment of the removal petition is permissible to correct the defect").

On the other hand, in *Barnhill v. Insurance Company of North America*, 130 F.R.D. 46, 51 (D.S.C.1990) the court noted,

"the overwhelming majority of courts allow amendment after expiration of the statutory period for removal only for the purpose of setting forth more specifically *each* ground for removal which had been imper-

fectly set forth in the original petition, *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980), *Van Horn [v. Western Electric Co.]*, 424 F.Supp. [920,] 924 [ (E.D.Mich.1977) ] (and cases cited therein), but deny leave to amend to supply missing allegations or to supply new allegations. *Thompson*, 491 F.Supp. at 27; *Richmond, Fredericksburg and Potomac R. Co. [v. Intermodal Services, Inc.]*, 508 F.Supp. [804,] 805 [ (E.D.Va.1981) ]." (emphasis in original).

Moreover, in *Outdoor World Corporation v. Calvert*, 618 F.Supp. 446, 448 (E.D.Va.1985) the court held,

"If a party wants removal he cannot delay. His petition must be filed within thirty days after receipt of the initial pleadings or the opportunity is lost. To permit the filing of amended petitions for removal after the expiration of thirty days for the purpose of supplying essential omitted allegations amounts to an unwarranted judicial extension of the thirty days set by Congress. Congress dealt with the question of amendment but in so doing limited the right to amend to defective pleadings, *not omitted pleadings*. 28 U.S.C. § 1653." (emphasis added).

In *Bellone v. Roxbury Homes, Inc.*, 748 F.Supp. 434, 436 (W.D.Va.1990) the district court stated, "amendment of removal petitions after the deadlines prescribed by the relevant statutes have passed is limited to those instances involving only minor technical corrections as opposed to substantive revisions." *Citing, Courtney v. Benedetto*, 627 F.Supp. 523, 527 (M.D.La.1986) *and Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex.1979). *See P–Nut Carter's Fireworks, Inc. v. Carey*, 685 F.Supp. 952, 953 (D.S.C.1988) (cure of a defective petition for removal must be made within thirty days to be timely); *Cook v. Robinson*, 612 F.Supp. 187, 190 (E.D.Va.1985); *Hubbard v. Tripp*, 611 F.Supp. 895, 896 (E.D.Va. 1985); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 (M.D.N.C. 1982). *See also Courtney v. Benedetto, supra* 627 F.Supp. at 527 ("the untimely filing or amending of a petition for removal has been classified as a defect causing 'improvi-

dent' removal within the purview of 28 U.S.C. § 1447(c) which provides, in pertinent part, that '[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.' *Royal v. State Farm Fire & Casualty Co.*, 685 F.2d 124 (5th Cir.1982)."); *Moser v. Bostitch Div. of Textron, Inc.*, 609 F.Supp. 917, 919 (D.C.W.D.Pa. 1985) ("some courts have allowed a defendant to amend it removal petition after the thirty-day period has run if the petition is merely defective").

The *Barnhill, supra,* court also addressed the policy concerns that underpin the restrictive view of amendment after expiration of the thirty-day period, stating:

"a number of compelling policy considerations ... require this court to apply a very restrictive view of amendment—at least after the statutory period for removal found in § 1446(b) has expired. These considerations include:

(1) preventing federal court infringement upon rightful independence and sovereignty of state courts[;]

(2) ensuring that judgments obtained in a federal forum are not vacated on appeal due to improvident removal[;]

(3) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote[;]

(4) allowing amendment of the notice of removal under § 1653 after the thirty day time limit for removal specified in § 1446(b) would 'substantially eviscerate' the specific time provision enacted by Congress[;]

(5) conceding that the traditional justification for diversity jurisdiction—state court hostility toward nonresident defendants—has been significantly reduced since the time diversity jurisdiction was created[.]" *Barnhill, supra* 130 F.R.D. at 50–51. (citations omitted).

As an initial question, then, the Court must decide whether the standard applied to the motion for leave to amend is liberal, as in *Ginn v. Stegall, supra,* or restrictive, as in *Bellone v. Roxbury Homes, Inc., supra, Barnhill v. Insurance Company of North America, supra,* and *Outdoor World Corporation, supra.* This court believes the latter, restrictive standard is appropriate.

The appropriateness of the restrictive standard is buttressed by the clear and undisputed rule that removal statutes must be strictly construed *against* removal. For example, in *Griffin v. Holmes,* 843 F.Supp. 81, 84 (E.D.N.C.1993), the court stated that when evaluating a motion for remand, it is

"the general rule that '[t]he removal statutes are to be strictly construed against removal, with any doubt in a particular case to be resolved against removal.' *Storr Office Supply v. Radar Business Systems,* 832 F.Supp. 154, 156 (E.D.N.C. 1993). The burden of proving that removal is proper is on the defendants, who removed the case, not on the plaintiff who made the motion to remand. *See Gafford v. General Electric,* 997 F.2d 150, 155 (6th Cir.1993) ('A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements.'); *see also* 14A Charles A. Wright, Arthur R. Miller, & Edward E. Cooper ('Wright & Miller'), Federal Practice and Procedure § 3739 (1985) ('The burden is on the party seeking to preserve the removal, not the party moving for remand.')."

*See ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of West Virginia,* 832 F.Supp. 1054 (S.D.W.Va.1993). Our Court of Appeals recently stated in *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993):

"[It was] Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction. *See American Fire [& Casualty Co. v. Finn ],* 341 U.S. [6] at 10, 71 S.Ct. [534] at 538, [95 L.Ed. 702 (1951) ]; *Able v. Upjohn Co.,* 829 F.2d [1330] at 1332 [ (4th Cir.1987) ]. Where there has been a minimum investment of the parties' time and judicial resources, ... this intent [may be realized] without harming the interests of finality or judicial economy. *See Chivas Products*

*Ltd. v. Owen*, 864 F.2d 1280, 1286–87 (6th Cir.1988)."

■ Applying the restrictive standard for granting leave to amend a notice of removal, the question is whether the amendment offered by the defendants is one of substance or a mere technical correction. In the instant case, the defendants failed to allege defendant Gergely had been fraudulently joined to the complaint. They contend such failure was immaterial. It is difficult, however, to see how this failure could be immaterial—it is undisputed Gergely is a West Virginia resident, and thus, if he was not alleged to have been fraudulently joined to the complaint, the parties are not diverse and the action must be remanded.[2] The proposed amendment is neither minor nor technical in nature; it is both substantial and material. Therefore, this Court is of the opinion that the motion for leave to amend the notice of removal should be **DENIED.**

### III.

■ The defendants do not allege a federal question is involved in this case, and assert this Court's jurisdiction is based wholly upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.[3] However, the plaintiffs point to defendant Gergely's West Virginia citizenship as evidence that removal does not satisfy the diversity requirement of 28 U.S.C. § 1441(b), which states:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which*

such action is brought.*" (emphasis added).

*Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir.1992) ("Title 28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action is filed."); *ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir.1987) (in civil action brought in Maryland state court by Nevada corporation against Delaware corporation and Maryland citizen, removed action was remanded because, "[s]ection 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which suit is brought"); *Ravens Metal Products, Inc. v. Wilson*, 816 F.Supp. 427, 428 (S.D.W.Va. 1993) (Haden, C.J.) ("[section] 1441(b) prohibits removal of actions not based on federal question jurisdiction where defendant is a resident of the forum state"); *Grodeck v. Jung*, 582 F.Supp. 544, 544 (D.Va.1984); *Soper v. Kahn*, 568 F.Supp. 398, 400 n. 10 (D.Md. 1983); *Moore v. Bishop*, 520 F.Supp. 1187, 1188 (D.S.C.1981); *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371, 372–73 (D.Md.1974); 1A Moore's Federal Practice ¶ 0.161[1.—1] at 256, n. 17 & Supp.1993–94 at 94–95.

The allegation of fraudulent joinder of Gergely was not added to the notice of removal within the thirty days specified within 28 U.S.C. § 1446(b). The amendment will not be permitted because it attempts to add a new substantive allegation to the notice after the thirty day period has elapsed, *i.e.,* the alleged fraudulent joinder of Gergely. Thus, the inclusion of Gergely in the complaint was not challenged seasonably, and because this case was filed in West Virginia state court, Gergely's citizenship defeats the notice of

---

**2.** *See* Part III, *infra.*

**3.** 28 U.S.C. § 1332 states, in pertinent part:
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—
(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

removal and dictates this action be **RE-MANDED.**

### IV.

Based upon the foregoing, the defendants' motion for leave to amend is **DENIED;** the plaintiffs' motion for remand is hereby **GRANTED,** and this case is **REMANDED** to the Circuit Court of Mingo County, West Virginia.