Walter James **HUBBARD**

v.

Donna Lee **TRIPP.**

Civ. A. No. 85–0323–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 24, 1985.

Boyd F. Collier, Allen, Allen, Allen & Allen, Richmond, Va., for plaintiff.

Christopher C. Spencer, McGuire, Woods & Battle, Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

This action was initially commenced in the Circuit Court of the City of Richmond,

---

Virginia, on 7 March 1985. It was removed to this Court on 26 March 1985 upon petition of defendant. Defendant asserts that removal jurisdiction is proper in this Court in that there is diversity of citizenship as required in 28 U.S.C. § 1332.

The applicable removal statute is 28 U.S.C. § 1441 which provides in pertinent part:

Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a petition for removal from a State court is brought in a diversity case § 1441(b) requires that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

28 U.S.C. § 1446 prescribes the procedures to be followed for removal. It provides in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in a district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant such initial pleading has then been filed in court and is not required to be served on a defendant whichever period is later.

28 U.S.C. § 1447(c) mandates that:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case and may order the payment of just costs....

■ The sworn petition for removal avers that defendant was a citizen of New York and plaintiff was a citizen of Virginia *at the time of removal.* Neither the complaint filed in State court nor the petition filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of filing of the complaint (motion for judgment) in the State court.

The failure to specify defendant's and plaintiff's citizenship at the time of filing the complaint is, I think, fatal. "[T]here is a long line of authorities supporting the proposition that when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time removal is sought." 14A Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3723 (1985). See *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F.Supp. 1343, 1347 (D.Me.1982); *Carlton Properties, Inc. v. Crescent City Leasing Corp.,* 212 F.Supp. 370, 371–72 (E.D.Pa. 1962) (citing *Jackson v. Allen,* 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249 (1889)); *Lancer Industries, Inc. v. American Insurance Co.,* 197 F.Supp. 894, 896 (W.D.La.1961).

■ The thirty-day period to file the petition for removal has expired and therefore defendant may not now supply the missing allegation. "After expiration of the 30-day removal period, a party should be permitted to amend a petition to cure defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653, but not to supply missing allegations." *Richmond, Fredericksburg & Potomac Railroad Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 807 (E.D. Va.1981) (citing *Van Horn v. Western Electric Co.,* 424 F.Supp. 920, 924 (E.D. Mich.1977). The essential allegation here

 

was missing; it was not merely "defective." *Garza v. Midland National Ins. Co.,* 256 F.Supp. 12, 14 (S.D.Fla.1966).

"Removal statutes are strictly construed" *Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980) (citations omitted). Because defendant is required to state the facts which entitles her to removal, because one of those facts is that at the time of filing the complaint in State court the controversy was between citizens of different States, because defendant failed in her removal petition or otherwise to allege her or plaintiff's citizenship as of the time of filing the complaint in State court within the thirty-day period to file a removal petition, this action must be remanded to the State court pursuant to 28 U.S.C. § 1447. An appropriate judgment SHALL issue.

And it is so ORDERED.