**OUTDOOR WORLD CORPORATION**

v.

**Richard W. CALVERT.**

**Civ. A. 85–0403–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 2, 1985.

Francis T. Eck, Hooker & Eck, Richmond, Va., for plaintiff.

Dennis W. Dohnal, Stephen W. Bricker, Bremner, Baber & Janus, Richmond, Va., David C. Vladeck, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for defendant.

## OPINION

WARRINER, District Judge.

Plaintiff initiated this action on 20 March 1985 by filing a bill for injunctive relief in the Circuit Court of Caroline County, Virginia. Plaintiff sought to enjoin defendant from distributing to plaintiff's prospective customers leaflets in which defendant asserted that membership in plaintiff's campground was an unwise, or at least a risky investment. On 20 March 1985, the State trial judge issued a temporary injunction which was due to expire on 20 April 1985

and ordered the matter transferred to the Circuit Court of Westmoreland County, Virginia. At a hearing in the Circuit Court of Westmoreland County on 12 April 1985, the trial judge ordered the temporary injunction continued through the trial date of 24 May 1985.

On 18 April 1985 defendant filed his removal petition with this Court, alleging that defendant was a citizen of Virginia and that plaintiff was a Pennsylvania corporation. On 9 May 1985 this Court dissolved the preliminary injunction.

At initial pretrial conference held on 3 July 1985, the question of the Court's removal jurisdiction in this diversity suit was raised by the Court. Under a briefing schedule then agreed to defendant filed his brief on 15 July to which plaintiff filed a reply brief on 24 July. No rebuttal brief has been filed. Indeed, no rebuttal brief would be necessary since the parties have fully exhausted the law, I believe, in the briefs filed.

 The issue is simple. In his removal petition, defendant averred that defendant was a citizen of Virginia at the time of removal and that plaintiff was a citizen of Pennsylvania as of removal. Defendant failed to aver the citizenship of either party as of the time the suit was filed in State court. See *Hubbard v. Tripp*, 611 F.Supp. 895 (E.D.Va.1985). Defendant argues that an allegation of citizenship as of the time the suit was filed in State court is not essential to confer removal jurisdiction. Plaintiff urges the contrary. Defendant argues that even if such an allegation be required, the omission can be supplied by amendment. Plaintiff says an amendment is not availing.

There is reason to support the two views the parties take of the issues presented. Learned judges have ruled in ways supportive of each side of the issue.[1] I have considered the reasons the judges have given for taking the respective positions they have taken. I have also considered the argument of counsel in this case.

Essentially defendant argues that the Court has adopted a one-slip-and-you-are-lost approach that was supposed to have disappeared with common law pleading. Plaintiff counters that removal petitions are specifically required to be under oath emphasizing the necessity of completeness; that removal is in derogation of jurisdiction that otherwise belongs in the State courts; and that removal petitions should be strictly construed so that a court of doubtful jurisdiction does not take a case from a court of assured jurisdiction. I think plaintiff has the better of this argument and I have in the past adhered to the view adopted by those judges who concur.

Defendant counters that even if the Court adhered to such a crabbed view, surely he has a right to amend by supplying the omission in his pleading. Again defendant finds respectable support in the cases and in the treatises.[2] Plaintiff also finds respectable support.[3] I have considered the reasons advanced by authorities on both sides of this issue and, again, I concur with plaintiff.

An essential element of removal jurisdiction is celerity. Congress wants the matter

---

**1.** Compare *D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.*, 608 F.2d 145, 146 (5th Cir. 1979); *Hendrix v. New Amsterdam Casualty Company*, 390 F.2d 299, 300–02 (10th Cir.1968); *Kentucky Solar Energy Controls, Inc.*, 497 F.Supp. 555, 556 (E.D.Ky.1980); with *Fort v. Ralston Purina Co.*, 452 F.Supp. 241, 241–43 (E.D.Tenn.1978); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F.Supp. 370, 370–71 (E.D.Pa.1962); *Lancer Industries, Inc. v. American Insurance Company*, 197 F.Supp. 894, 895–96 (W.D.La.1961).

**2.** See 28 U.S.C. § 1653; *McDuffie v. Old Reliable Fire Insurance Co.*, 608 F.2d 145, 146 (5th Cir.

1979); *Firemen's Insurance Company of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir.1961); 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3733 (1985 ed.).

**3.** *Richmond, Fredericksburg & Potomac Railroad Co. v. Intermodal Services, Inc.*, 508 F.Supp. 804, 807 (E.D.Va.1981) (citing *Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 924–27 (E.D.Mich.1977)); see also *Winters Government Securities Corp. v. NAFI Employees Credit Union*, 449 F.Supp. 239, 243 (S.D.Fla.1978); *Fort v. Ralston Purina Co., supra*, 452 F.Supp. at 242.

to proceed to trial in one court or the other and Congress wants the issue of which court settled without delay. It is for this reason (despite the fact that district courts assuredly may be subject to error in this area as in others) that no appeal is permitted. 28 U.S.C. § 1447(d); see 1A *Moore's Federal Practice,* ¶ 0.169[2.–1] (1985). Congress believes that it is better for the matter always to be settled quickly than that it always be settled properly.

This same end is served by the thirty-day rule of 28 U.S.C. § 1446(b). If a party wants removal he cannot delay. His petition must be filed within thirty days after receipt of the initial pleadings or the opportunity is lost. To permit the filing of amended petitions for removal after the expiration of thirty days for the purpose of supplying essential omitted allegations amounts to an unwarranted judicial extension of the thirty days set by Congress. Congress dealt with the question of amendment but in so doing limited the right to amend to *defective* pleadings, not omitted pleadings. 28 U.S.C. § 1653.

A judge without jurisdiction is no more than a man in the street. What his views may be with respect to a given issue presented to him are but of passing moment. Jurisdiction either exists or it does not. The issue of jurisdiction can be raised at any time, even, as has been said, on a petition for a rehearing after a unanimous decision by the Supreme Court. See *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47, *reh'g denied,* 314 U.S. 714, 62 S.Ct. 355, 86 L.Ed. 569 (1941). Thus when a choice exists between a court where jurisdiction is questionable and a court where jurisdiction is assured, the weighing of factors respecting jurisdiction should be heavily in favor of the court with assured jurisdiction. For all these reasons and having fully reconsidered the issues, I adhere to the views I expressed in *Hubbard v. Tripp,* 611 F.Supp. 895 (E.D.Va.1985).

It is accordingly ORDERED that this action be REMANDED to the Circuit Court of Westmoreland County, Virginia, at defendant's costs.

And it is so ORDERED.