**David J. SHAFFER, M.D., Plaintiff,**

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a foreign corporation, Northwestern National Life Insurance Company, a foreign corporation, Northwestern National Insurance Company of Milwaukee,**

Wisconsin, a foreign corporation, Northwestern Mutual Investment Services, LLC, a foreign corporation, Samuel B. Urso, Jr. and Urso Insurance Agency, Inc., a corporation, Defendants.

No. Civ.A. 504CV140.

United States District Court, N.D. West Virginia.

May 18, 2005.

Robert P. Fitzsimmons, Fitzsimmons Law Offices, and Shane M. Mallett, Wheeling, WV, for Plaintiff.

Mychal S. Schulz and Julie A. Pence, Dinsmore & Shohl, LLP, Charleston, WV, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND

STAMP, District Judge.

#### I. *Procedural History*

The above-styled action arises out of a complaint filed by David J. Shaffer, M.D. ("Shaffer"), alleging that he purchased disability insurance from co-defendants, Samuel B. Urso, Jr. ("Urso") and Urso Insurance Agency, Inc. ("Urso Insurance"), but that The Northwestern Mutual Life Insurance Company ("Northwestern") failed to timely pay full disability benefits to plaintiff for permanent injuries to his hand. Following the filing of a complaint in the Circuit Court of Marshall County, West Virginia, the defendant, Samuel B. Urso, Jr., filed a notice of removal on December 28, 2004, arguing that Urso and Urso Insurance were fraudulently joined.[1] Defen-

---

1. Urso alleges that he sold Urso Insurance in 1995, approximately. Def. Urso's Notice of

dants, Northwestern and Northwestern Mutual Investment Services, LLC,[2] did not join Urso's notice of removal, but filed their own notice of removal on January 3, 2005.[3]

In addition to a notice of removal, Urso filed a motion to dismiss the plaintiff's claims against him. On January 26, 2005, the plaintiff filed a motion to remand the above-styled action to the Circuit Court of Marshall County, West Virginia, and included in this motion a response to Urso's motion to dismiss. Urso then filed a response to the motion to remand, and the plaintiff filed a reply.

## II. *Facts*

The plaintiff, a surgeon, purchased two disability income insurance policies from Urso Insurance, the first in 1995 and the second in 1997. Both policies were issued by Northwestern. On December 23, 2000, the plaintiff suffered an accidental gunshot wound to his left hand, and on March 13, 2001, the plaintiff filed a "request for disability benefits" form with Northwestern. Upon filing the request for benefits form, Northwestern allegedly initiated a pattern of delay in which the plaintiff was repeatedly required to submit additional information and to complete company forms for continuing disability benefits pending a final resolution of his claim. Compl. at ¶¶ 19–87.

Urso and Urso Insurance are implicated in Counts II and IV of the plaintiff's complaint. Specifically, the plaintiff charges Urso with violating the West Virginia Unfair Claims Settlement Practices Act and West Virginia's insurance regulations. Urso's notice of removal and motion to dismiss are based on the same contention that neither Urso nor Urso Insurance can be liable merely by selling an insurance policy to the plaintiff four to six years before the claims settlement practices complained of by the plaintiff allegedly took place.

## III. *Applicable Law*

Title 28, United States Code, Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Moreover, 28 U.S.C. § 1441(b) states in pertinent part that actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The doctrine of fraudulent joinder is applicable where an instate party is named as a co-defendant, but there is *"no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) (emphasis in original) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)). Proving fraudulent joinder poses a signifi-

---

Removal ¶ 9. Urso further alleges that Urso Insurance has not operated as an active business since at least 1999. *Id.*

**2.** By stipulation of the parties, Northwestern Mutual Investment Services, LLC, was dismissed. *See* Stipulation of Dismissal ¶ 4. In addition, Northwestern National Life Insurance Company and Northwestern National Insurance Company of Milwaukee, Wisconsin, were also dismissed. *Id.* at ¶ 2.

**3.** Northwestern's notice of removal is filed with this Court in Civil Action No. 5:05CV1. Both the above-styled action and Civil Action No. 5:05CV1 are identical actions arising out of the Circuit Court of Marshall County, West Virginia, Civil Action No. 4–C–275K. Plaintiff Shaffer has a motion to remand currently pending in Civil Action No. 5:05CV1.

cant burden for the defendant. *See Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir.1999) (fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)).

■ Accordingly, "[t]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232–233 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992)). Further, "in order to determine whether an attempt at joinder is fraudulent, this court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir.1964)).

## IV. *Discussion*

As stated above, Urso argues that he is not liable under West Virginia law for the sale of an insurance policy four to six years prior to the events giving rise to the plaintiff's state claims. The plaintiff responds and moves to remand, arguing that the removal fails because it is based on the doctrine of fraudulent joinder, which is not applicable to this action. In addition, the plaintiff contends that Urso's notice of removal is defective because Urso Insurance did not join the removal or consent within thirty days of Urso's filing. Finally, the plaintiff argues that the notice of removal was defective because it failed to allege the existence of appropriate jurisdiction both at the time the action was filed and at the time the notice of removal was filed.[4] This Court addresses each of the plaintiff's arguments in turn.

■ First, this Court finds that Urso and Urso Insurance have been fraudulently joined. As mentioned above, the doctrine of fraudulent joinder applies where "no cause of action is stated against a nondiverse defendant, *or in fact* no cause of action exists." *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir.1990) (emphasis in original).[5] Thus, if a statute of limitations has run on a cause of action against a non-diverse defendant, the doctrine of fraudulent joinder may apply. *Riverdale Baptist Church v. Certainteed Corp.*, 349 F.Supp.2d 943, 949 (D.Md.2004). There is one caveat: If the statute of limitations issue is difficult to determine, the doctrine of fraudulent joinder is not appropriate, and the case should be remanded to the state court. *Id.* (finding that where parties disagree as to when the statute of limitations began to run, the state court should make the appropriate determination).

■■ Here, the statute of limitations issue is not difficult to determine. Plaintiff filed his complaint on December 4, 2004, generally alleging that "all defendants" violated the West Virginia Unfair Claims Settlement Practices Act. Specifically, the plaintiff alleges in his motion opposing remand that Urso misrepresen-

---

4. Plaintiff does not argue that the amount in controversy is not met or that defendant Northwestern is not diverse. Indeed, this Court finds that the amount in controversy exceeds the jurisdictional minimum and that Northwestern is a foreign corporation for purposes of diversity. *See* Compl. ¶¶ 2 (diversity of Northwestern) and 96 (damages).

5. Defendant does not allege that there has been any outright fraud in the plaintiff's pleading of jurisdictional facts. Accordingly, this Court need not address that aspect of the fraudulent joinder doctrine.

ted material facts about the rights, benefits, terms, conditions and obligations of Shaffer's disability policy "from the time they were purchased in 1995 and 1997 to December 23, 2000." Pl.'s Mem. Supp. Mot. to Remand and Opp. Mot. to Dismiss at 2. The plaintiff further alleges in his motion to remand that Urso was actively involved in Shaffer's disability claim "at least until September 10, 2002." *Id.* at 6. Claims under West Virginia's Unfair Trade Practices Act ("UTPA") have a one-year statute of limitations. *Wilt v. State Auto. Mut. Ins. Co.,* 203 W.Va. 165, 506 S.E.2d 608, 609 (W.Va.1998). Thus, even if this Court accepts the plaintiff's assertion that Urso's involvement in Shaffer's disability claim has the potential to incur liability,[6] the one-year statute of limitations on UTPA claims bars recovery. Accordingly, this Court finds the doctrine of fraudulent joinder applies to defendants Urso and Urso Insurance.

 Next, this Court rejects the plaintiff's argument that the notice of removal is defective because Urso Insurance, the allegedly defunct company formerly owned by Urso, failed to properly join or formally consent. Plaintiff is generally correct in his contention that all defendants must unanimously join in or consent to a removal action within thirty days of receiving service of the complaint. 28 U.S.C. § 1446. However, a co-defendant need not join if that defendant is merely a nominal or formal party defendant. *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 n. 4 (E.D.Va.1992). In addition, a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed. *Ogletree v. Barnes,* 851

F.Supp. 184, 187 (E.D.Pa.1994). Finally, and most pertinent to this action, fraudulently joined defendants are not required to consent to a co-defendant's notice of removal. *Fleming v. United Teacher Assocs. Ins. Co.,* 250 F.Supp.2d 658, 663 (S.D.W.Va.2003).

The parties have stipulated that Urso Insurance has not entered an appearance in any matters concerning the plaintiff's suit. Stipulation of Dismissal ¶ 3. Further, there is no evidence before this Court that Urso Insurance has ever been properly served. *See* Def. Urso's Notice of Removal, Ex. 2 ("Unable to serve on Urso Ins Agency"). Finally, it appears to this Court that Urso Insurance is no longer a functioning company, and at the very least, is no longer affiliated with Urso, himself. Def. Urso's Notice of Removal ¶ 9 and Ex. 3, Termination Date June 6, 1999. Because it is doubtful that Urso Insurance was served with the initial pleading before Urso filed his notice of removal, the failure of Urso Insurance to join in Urso's notice is not necessarily a fatal flaw.

Of course, this Court need not rely on the service exception to the formal consent rule. As stated above, this Court has already found that Urso and Urso Insurance were fraudulently joined. Accordingly, Urso Insurance is not required to formally join in removal, and its failure to do so does not make Urso's notice of removal improper. *Fleming,* 250 F.Supp.2d at 663.

 Before leaving the issue of whether all co-defendants have properly joined Urso's notice of removal, it should be noted that co-defendants are not required to sign the same notice of removal. *Unicom Systems, Inc. v. National Louis Univ.,*

---

**6.** *Taylor v. Nationwide Mutual Ins. Co.,* 214 W.Va. 324, 589 S.E.2d 55 (2003), holds that "a cause of action exists in West Virginia to hold a claims adjuster employed by an insur-ance company personally liable for violations of the West Virginia Unfair Trade Practices Act ..." *Id.* at 57.

262 F.Supp.2d 638, 641 (E.D.Va.2003). In other words, where co-defendants file independent notices of removal within the thirty-day period, such notices are not defective. *Id.* (quoting *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va. 1992)). Here, co-defendants Urso and Northwestern filed separate notices of removal, each within thirty days of the filing of the underlying state action. This Court finds that such filings do not create defective notices of removal.

█ This Court now turns to the plaintiff's argument that Urso's notice of removal was defective because it failed to allege the existence of appropriate jurisdiction both at the time the action was filed and at the time the notice of removal was filed. Plaintiff relies on *Hubbard v. Tripp,* 611 F.Supp. 895 (E.D.Va.1985), but as the defendant argues, the plaintiff's reliance is misplaced. In *Hubbard,* the removing party failed in its notice of removal to state whether parties were diverse at the time of the filing of the complaint. *Id.* at 896. The court held that because diversity of citizenship must exist both at the time the original action is filed and the time removal is sought, the removing party should specify as to the plaintiff's and defendant's citizenship at the time the original complaint was filed.

In the notice of removal at issue in this action, Urso simply relies on the statements of citizenship provided by the plaintiff, himself. *See* Notice of Removal ¶¶ 6, 7, 8, 9 and 10 (citing plaintiff's complaint). In each case, Urso's notice of removal does, in fact, sufficiently state the parties' citizenship at the time the complaint was filed. Even if this were not so, Urso's notice of removal does not contend that either he or Urso Insurance is a diverse party. In other words, Urso's notice is distinguishable from the notice in *Hubbard* because Urso's notice does not hinge on a finding that the parties are diverse. Instead, Urso argues that he and Urso Insurance were fraudulently joined as defendants and should not have been included in the action to begin with. In sum, this Court finds that Urso's notice of removal did not fail to allege appropriate jurisdiction, and therefore, is not defective.

## V. *Conclusion*

For the reasons stated above, this Court finds that defendants, Samuel B. Urso, Jr. and Urso Insurance Agency, Inc., were fraudulently joined, and therefore, must be DISMISSED from the above-styled action. Consequently, this Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, defendant Urso's motion to dismiss is hereby GRANTED and the plaintiff's motion to remand is hereby DENIED.

This Court finds that it would be beneficial for remaining parties in Civil Action Nos. 5:04CV140 and 5:05CV1 to appear for a status and scheduling conference. Accordingly, parties are DIRECTED to appear for a status and scheduling conference on *May 31, 2004 at 9:00 a.m.* in Wheeling, West Virginia. Parties should be prepared to address the propriety of consolidating Civil Action No. 5:04CV140 and Civil Action No. 5:05CV1 to suggest some other procedure that will provide some savings of time and expense to the parties and the Court.

The Court will permit those out-of-town attorneys having their offices further than forty miles from the point of holding court to participate in the conference by telephone. However, any such attorney shall advise the Court at least three working days prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel and any *pro se* parties of his or her appearance by telephone; (2) confer with other out-of-town attorneys and any *pro se* parties to deter-

mine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233–1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.