**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G. ISAACS, AKA G. Carteris, | No. 08-56084 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00230-R-CT |
| v. | |
| JOE BROIDO; PORCHLIGHT ENTERTAINMENT, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 5, 2009
Pasadena, California

Before: PREGERSON, BYBEE and M. SMITH, Circuit Judges.

Plaintiff-Appellant G. Isaacs, aka Gabrielle Carteris, appeals the denial of

her motion to remand for lack of diversity jurisdiction, and the ultimate dismissal

of her personal injury suit on forum non conveniens grounds. As the facts and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision.

We have jurisdiction under 28 U.S.C. § 1291.

### A.    Motion to Remand for Lack of Diversity

#### 1.    Defendant Front Street Pictures, Inc.[1]

Front Street Pictures is a California corporation and is therefore nondiverse from Carteris, a California citizen, if California is either its place of incorporation or its primary place of business. 28 U.S.C. § 1332(c); *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). The district court was in the best position to determine which of the two entities identified in the litigation called Front Street Pictures was the proper party, and to evaluate the conflicting evidence in the record regarding Front Street Pictures's citizenship. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982). The district court's findings that the proper Front Street Pictures is incorporated in, and has its primary place of business in, Canada were not clearly erroneous. *See Kroske v. U.S. Bank Corp.*,

---

[1]Front Street Pictures is not a party to this appeal because it has been voluntarily dismissed. Fed. R. App. P. 42(b). Because we are always under an obligation to inquire into whether federal subject matter jurisdiction existed and do not permit parties to voluntarily avoid that inquiry, *see Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388-89 (1998), we consider the citizenship of Front Street Pictures even though it is no longer a party.

432 F.3d 976, 979 (9th Cir. 2005).  Removal to the district court on the basis of diversity was therefore proper. 28 U.S. C. §§ 1332, 1441.

2.     Defendants Porchlight Entertainment, Inc. and Joseph Broido

Porchlight and Broido share Carteris's California citizenship.  However, if, viewing the facts most favorably towards the plaintiff,  "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and the defendant may be disregarded for the purpose of determining diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It is well settled in California that an employee of an independent contractor cannot state a claim for personal injury against the hirer under a theory of retained control unless the hirer exercised that control in a way that affirmatively contributed to the employee's injury. *Hooker v. Dep't of Transp.*, 27 Cal. 4th 198, 202 (2002).

Neither the fact that Porchlight had and exercised certain control rights under its distribution agreement with Carteris's employer, Central Myth Pictures, Inc., nor the fact that Broido frequently communicated with the film's director concerning script approvals, is sufficient to give rise to the inference that Broido and Porchlight affirmatively contributed to Carteris's on-set injuries.  Accordingly, the district court correctly determined that Porchlight and Broido were "sham

3

defendants" who could be disregarded for the purpose of determining diversity jurisdiction. The remaining defendants were diverse. Thus, the district court properly denied the motion to remand.

**B.     Dismissal**

Because the forum non conveniens dismissal did not apply to Porchlight and Broido,[2] we construe Carteris's argument regarding the forum non conveniens dismissal to be an argument that the district court erred in closing the case after entry of that ruling.

Even though the district court was correct that Porchlight and Broido were "sham defendants," the district court should not have closed the case before dismissing them. Analytically, a fraudulent joinder finding compels dismissal of the "sham defendants." However, that does not relieve the district court of its obligation to expressly dismiss the "sham defendants" before proceeding with the case. *Cf.* William W. Schwarzer, et al., Cal. Practice Guide: Fed. Civ. Pro. Before Trial § 2:687.1 (The Rutter Group 2009) (citing *Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 872 (5th Cir. 1991)) (instructing practitioners to bring a Federal

---

[2]The forum non conveniens dismissal applied only to the Canadian defendants. We have no jurisdiction over those defendants because they have been voluntarily dismissed from this appeal pursuant to Federal Rule of Appellate Procedure 42(b).

Rule of Civil Procedure 12(b)(6) motion to achieve a final dismissal of any fraudulently joined defendants).

In this case, because the Rule 12(b)(6) inquiry and the fraudulent joinder inquiry substantially overlap on the issue of failure to state a claim, *see Sessions v. Chrylser Corp.*, 517 F.2d 759, 761 (9th Cir. 1975), there is no reason the district court could not have dismissed the fraudulently joined defendants on its own motion at the conclusion of litigation on the fraudulent joinder issue. *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). The case is therefore remanded to the district court with instructions to amend its order denying remand to include a sua sponte judgment of dismissal against the fraudulently joined defendants. *See, e.g., Hardy v. Ducote*, 246 F. Supp. 2d 509, 515-16 (W.D. La. 2003) (denying remand and dismissing sham defendants in a single order); *Shaffer v. Nw. Mu. Life Ins. Co.*, 394 F. Supp. 2d 814 (N.D. W. Va. 2005) (same).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**